JULIAN LANE & another *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION & others. October 29, 1970. On December 24, 1966, Hyman N. Levowich died in Florida, where his will and a codicil were admitted to probate. Ancillary administration with the will (and a codicil) annexed was allowed in this Commonwealth by a decree dated June 18, 1968, which was revoked on October 23, 1968. New hearings with respect to ancillary administration then were held, principally concerning the issue whether Levowich's domicil at his death was in Florida or Massachusetts. On February 21, 1969, a probate judge entered a new decree granting ancillary administration. The Commissioner of Corporations and Taxation and two other persons appealed. The evidence is reported (over 1,300 pages of the transcript of ten days of trial and more than 100 exhibits). The probate judge made no specific findings and no report of material facts. In the circumstances, the entry of the decree imported a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence. The judge's implied findings will not be reversed because, in our opinion, they are not plainly wrong. See *Colbert* v. *Hennessey,* 351 Mass. 131, 134; *Bannish* v. *Bannish,* 357 Mass. 279, 280–281; Newhall, Settlement of Estates (4th ed.) § 301. The oral and documentary evidence was conflicting. There was, nevertheless, strong support for the probate judge's implied finding that Levowich had his domicil in

Florida. That issue was "mainly a question of fact to be determined from all the evidence." See *Commonwealth* v. *Davis*, 284 Mass. 41, 49–52. See also *Slater* v. *Munroe*, 313 Mass. 538, 540–546.

*Decree affirmed.*

*William A. Shue*, Special Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*Charles W. Lavers* for George I. Ellis.

*Thomas B. Arnold* (*Sidney Heimberg* with him) for Richard S. Bowers.