WILLIAM E. FRENCH vs. BOARD OF ASSESSORS OF BOSTON
(and ten companion cases[1]).

Suffolk.  December 4, 1980. — April 24, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Taxation*, Real estate tax: assessment, abatement. *Constitutional Law*,
Real estate tax.

A finding by the Appellate Tax Board that the lowest substantial class of
real property in the city of Boston was the single dwelling unit residen-
tial class was supported by the record of a tax abatement proceeding,
was not inconsistent with this court's declarations of the appropriate
remedy available to a taxpayer whose real estate taxes have been
disproportionately assessed, and was not inconsistent with any provi-
sions of the Massachusetts Constitution or any legislation in effect dur-
ing the tax years in question. [482-483] WILKINS, J., with whom
HENNESSEY, C.J., joined, concurring.

APPEALS from decisions of the Appellate Tax Board.
*Michael Eby* for Board of Assessors of Boston.
*Evan Y. Semerjian* for William H. Kent, trustee.
*Nathan T. Wolk* for William E. French.
*Hirsh Freed* for Bertram A. Druker, trustee.
*Mark J. Witkin* for Old Colony Insurance.
*Henry G. Kara, James M. McDonough, Jr., & Keith D.
Vincolo*, for Lester Werman & others, submitted a brief.

LIACOS, J.  These consolidated cases are appeals pursuant
to G. L. c. 58A, § 13, from the decisions of the Appellate

---

[1] Lester Werman & another vs. Board of Assessors of Boston; Dirigo
Corporation vs. Board of Assessors of Boston; Harry Barron, trustee, vs.
Board of Assessors of Boston; Bertram A. Druker, trustee, vs. Board of
Assessors of Boston (2 cases); Old Colony Insurance vs. Board of Assessors
of Boston; David L. Myers & another vs. Board of Assessors of Boston (2
cases); Dorothy T. Allen & another vs. Board of Assessors of Boston;
William H. Kent, trustee, vs. Board of Assessors of Boston.

Tax Board (board) granting abatements to the appellees, taxpayers, from real estate taxes levied in the years 1977 through 1979. The appellant board of assessors of the city of Boston (city) challenges the board's ruling that the lowest substantial class of real property in the city of Boston was the so called R-1 single family residential, or single dwelling unit residential class. The city contends that the board's ruling is erroneous (1) because the board failed to state its reasons or make findings of fact in support of its determination that the R-1 class, as opposed to the class of all residential property, is a separate and distinct class for the purpose of real property classification; (2) because the selection of the R-1 class has no rational basis in law or fact; and (3) because the board's determination is inconsistent with the policy underlying the recently approved classification Amendment to the Massachusetts Constitution[2] and the legislative responses to that amendment.[3]

The determination whether single family residences constitute a "class" for tax abatement purposes is a mixed question of fact and law. As the board is a State agency charged with administering the tax abatement process, its determination is due some deference. See *Henry Perkins Co.* v. *Assessors of Bridgewater*, 377 Mass. 117, 121-122 (1979). We have long recognized the board's expertise in tax matters. See *Assessors of Quincy* v. *Boston Consol. Gas Co.*, 309 Mass. 60, 72 (1941). The board has adequately set forth and the record supports the factual predicates for its deter-

---

[2] Article 112 of the Amendments to the Massachusetts Constitution, approved and ratified by the people November 7, 1978, and inserted in the first paragraph of Part II, c. 1, § 1, art. 4, of the Constitution, provides in pertinent part that the Legislature "may classify real property according to its use in no more than four classes and to assess, rate and tax such property differently in the classes so established, but proportionately in the same class . . . ."

[3] Statute 1979, c. 797, § 11, codified as G. L. c. 59, § 2A, provides that property shall be assessed according to four classifications: residential, open-space, commercial, and industrial. Residential property is defined to include single as well as multiple dwelling unit residences.

mination.[4]  Cf. G. L. c. 58A, §§ 10 and 12C.  Moreover, this determination is in no respect inconsistent with our past declarations of the appropriate remedy available to a taxpayer whose real estate taxes have been disproportionately assessed.  See, e.g., *Tregor* v. *Assessors of Boston*, 377 Mass. 602, 611-612, cert. denied, 444 U.S. 841 (1979); *Beardsley* v. *Assessors of Foxborough*, 369 Mass. 855 (1976); *Shoppers' World, Inc.* v. *Assessors of Framingham*, 348 Mass. 366, 377 n.10 (1965).  "[A] taxpayer has a right to have his assessment reduced so that it is 'proportional to the assessments of the class of property valued at the lowest percentage of fair cash value.'"  *New Boston Garden Corp.* v. *Assessors of Boston, ante* 456, 458 n.3 (1981), quoting from cited cases.  Cf. *Chomerics, Inc.* v. *Assessors of Woburn*, 6 Mass. App. Ct. 394 (1978).  Finally, the board's ruling is not inconsistent with the Massachusetts Constitution or any legislation as in effect during the tax years in question.[5]

The decisions of the Appellate Tax Board are therefore affirmed.  Costs of the appeal are to be awarded to the taxpayer in each case.

*So ordered.*

Justice Kaplan participated in the deliberation on this case, but retired before the opinion was issued.

WILKINS, J. (concurring, with whom Hennessey, C.J., joins).  If one accepts the view expressed by the court in

---

[4] The board found: "the R-1 class of property is one of the two or three largest classes of real property in the City of Boston in terms of its total area, number of parcels, total assessed value, and total estimated full valuation" and it "is assessed at a lower percentage of fair cash value than any other class of property in the City of Boston."

[5] Statute 1979, c. 797, § 25, provides that § 10 of that chapter applies to "classification of all property for the fiscal years commencing on or after July first, nineteen hundred and eighty."  Moreover, we recently held that retroactive application of St. 1979, c. 797, prior to fiscal 1980 would be unconstitutional in so far as it would alter the previous state of the tax abatement law as relied upon by the taxpayers.  See *Keniston* v. *Assessors of Boston*, 380 Mass. 888, 903-906 (1980).

*Tregor* v. *Assessors of Boston,* 377 Mass. 602, 611-612 (1979), that the taxpayers are entitled to abatements to the level of the class of property that is valued at the lowest percentage of fair cash value, the result reached by the court in this case is correct. I did not, and do not, agree with the view expressed by the court in its *Tregor* opinion. See *Tregor* v. *Assessors of Boston, supra* at 613 (Wilkins, J., dissenting, with whom Hennessey, C.J., joins). However, because the point has not been raised anew and the court in the *Tregor* case established the rule of law to be applied in this case, I join in the opinion in this case.