BOARD OF ASSESSORS OF NORWOOD vs. RICHARD W. BARTON
& another.[1]

Suffolk.   October 8, 1981. — December 11, 1981.

Present: LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Appellate Tax Board*, Informal procedure, Appeal to Supreme Judicial
Court.

Where neither party to a proceeding before the Appellate Tax Board re-
quested that the board make findings of fact and a report thereof, no
question was presented to this court for decision on appeal. [700]

APPEAL from a decision of the Appellate Tax Board.
*Casimir de Rham, Jr.*, for the plaintiff.
*Robert F. Troy* for the defendants.

NOLAN, J.   The board of assessors of the town of Norwood
(assessors) appeals a decision of the Appellate Tax Board
(board) which granted Richard W. and Barbara A. Barton,
the assessed owners, an exemption of $350 from real estate
taxes for each of the fiscal years ending June 30, 1980 and
1981.

The undisputed facts follow.   The Bartons owned, at all
times pertinent to this appeal, a two-family house in Nor-
wood.   The Bartons occupied one-half of the house and
rented the other half.   The house was assessed at a value of
$26,300 for the 1980 and 1981 tax years.   The tax rate was
$48 a thousand in 1980 and $46 a thousand in 1981.

Richard Barton, as a veteran, is eligible for partial exemp-
tion from real estate taxes on his property, pursuant to

---

[1] Barbara A. Barton.

G. L. c. 59, § 5, cl. Twenty-second A.[2]  The Bartons applied for an exemption for both years and the assessors approved exemptions in the amount of $192 for each year.[3]

The Bartons appealed to the board under the informal procedure, claiming that he was entitled to an exemption of $350 for each of the years in question.  The board, in a decision rendered without findings of fact or opinion, granted the $350 exemption.  The assessors have appealed pursuant to G. L. c. 58A, § 13.

In their claim of appeal to this court the assessors state that the board erred in not construing G. L. c. 59, § 5, in their favor, and by not finding that the Bartons were entitled to an exemption of only $192 for each year.

Under G. L. c. 58A, § 13, as amended through St. 1978, c. 514, § 72, this court "shall not consider any issue of law which does not appear to have been raised in the proceedings before the board."  The assessors' appeal must fail because neither party requested that the board make findings of fact and a report thereof.  Any conclusion that this court could draw as to why or how the board reached its decision would be mere conjecture.  We have no way of knowing what took place before the board. The decision of the board is final because on the record no question of law is presented to this court for decision.  See *Stearns* v. *Assessors of Worcester*, 376 Mass. 930 (1978); *Weinfeld* v. *Assessors of Hull*, 354 Mass. 760 (1968).

---

[2] Clause Twenty-second A, as amended through St. 1978, c. 580, § 21, allows an exemption from local property taxes to certain disabled veterans "to the amount of four thousand dollars of the taxable valuation of real property or the sum of three hundred and fifty dollars whichever would result in an abatement of the greater amount, of actual taxes due, in the case of each person, provided that such real estate is occupied as his domicile by such person, and provided, further, that if said property be greater than a single family house, then only that value of so much of said house as is occupied by said person as his domicile or a proportionate part of three hundred and fifty dollars, whichever would result in an abatement of the greater amount of actual taxes due, shall be exempted."

[3] Since the tax rate was $46 a thousand in tax year 1981, the assessors, to be consistent, should have granted only a $184 exemption for that year.

An appellant from a decision of the board assumes the burden of creating and assembling a record sufficient for this court to decide the case. See *Vespa* v. *State Tax Comm'n*, 373 Mass. 857 (1977). Absent such a record, we decline to disturb the board's decision.

*Decision of the Appellate*
*Tax Board affirmed.*