JOHN W. MCCARTHY *vs.* COMMISSIONER OF REVENUE.

Suffolk. March 9, 1984. — April 10, 1984.

Present: WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Taxation*, Special fuels tax. *Words*, "Any person."

Special fuels tax was properly assessed, by virtue of G. L. c. 64E, § 15, upon a retail service station operator who, while not licensed as a "user-seller" of special fuels, purchased oil intended for heating purposes and thereafter sold the oil as diesel fuel for use in motor vehicles driven on public highways. [632-635]

APPEAL from a decision of the Appellate Tax Board.

*John E. Flanagan* for the taxpayer.

*Jamie W. Katz*, Assistant Attorney General, for the Commissioner of Revenue.

LIACOS, J. The appellant, John W. McCarthy, doing business as D & S Service Station, appeals pursuant to G. L. c. 58A, § 13, from a decision of the Appellate Tax Board (board) upholding the assessment of a special fuels tax by the Commissioner of Revenue (Commissioner). We conclude that there was no error and affirm.

The parties have agreed on the following facts. McCarthy operates a service station in Springfield, at which he sells gasoline and diesel fuel. He sells all the diesel fuel he purchases and never has owned or leased any motor vehicles using diesel fuel.

From March, 1979, through April, 1980, McCarthy, who was not licensed as a "user-seller" of "special fuels" during this time period,[1] purchased heating oil from two oil companies,

---

[1] General Laws c. 64E, § 1 (*c*), inserted by St. 1956, c. 619, § 1, defines "[s]pecial fuels" as "all combustible gases and liquids, used or sold for use in an internal combustion engine or motor for the generation of power to propel motor vehicles . . . on the public highways, except such fuels defined as 'Fuel' in paragraph (*d*) of section one of chapter sixty-four A." See G. L. c. 64A, § 1 (defining fuel as all products commonly or commercially known or sold as gasoline).

General Laws c. 64E, § 1 (*e*), inserted by St. 1956, c. 619, § 1, defines a "[u]ser-seller" as, inter alia, "any person, not licensed as a supplier, who dispenses special fuel into the fuel tanks of, or attached to motor vehicles." See § 2 (Commissioner may grant licenses to persons qualifying as user-sellers).

After the time period in issue, McCarthy applied for, and received, a license as a user-supplier of special fuels.

neither of which was a "licensed supplier." See G. L. c. 64E, § 1 (*d*).[2] Heating oil is special fuel, but it is not subject to a fuel tax when it is used for heating purposes. See G. L. c. 64H, § 6 (*j*). When the oil is used as fuel to propel diesel powered motor vehicles, however, it becomes a special fuel under the statute, subject to the excise tax. See G. L. c. 64E, §§ 1 (*c*), 4, and 10.

In the course of his retail service station business, McCarthy sold the fuel purchased from the two oil companies to customers with diesel operated motor vehicles. The fuel was dispensed to motorists from diesel fuel pumps marked "tax included." McCarthy, however, paid no taxes to the Commonwealth on the diesel fuel which he purchased and sold from March, 1979, through April, 1980.[3] In August, 1980, the Commissioner assessed a deficiency against McCarthy for a special fuels tax for the period at issue in the amount of $14,259.83. See G. L. c. 62C, §§ 26 (*b*) and 28.[4] Following a hearing, the Commissioner denied McCarthy's application for an abatement, and McCarthy filed a timely appeal under the formal procedure to the board. See G. L. c. 62C, § 39.

[2] General Laws c. 64E, § 1 (*d*), inserted by St. 1956, c. 619, § 1, provides in relevant part: a supplier is "any person who sells or delivers special fuels to a user-seller and any person who imports special fuels into the commonwealth other than in the usual . . . receptacle connected with the engine of the motor vehicle in the operation of which the special fuels are to be consumed, and resells or uses the same in a motor vehicle owned or operated by such person." See § 2 (Commissioner may grant license to persons who qualify as suppliers).

[3] In ordinary circumstances, a licensed supplier of special fuels is required to submit a return and remit the tax to the Commissioner, based on the amount of special fuels sold on a monthly basis to a user-seller. A licensed user-seller will pay the amount of the tax to the supplier. The amount of the excise is reflected in the fuel price charged at the pump by the user-seller. G. L. c. 64E, §§ 1 (*c*), 4, and 10.

[4] General Laws c. 62C, § 28, inserted by St. 1976, c. 415, § 22, provides in relevant part: "If a person who has been notified by the commissioner that he has failed to file a return . . . refuses or neglects within thirty days after the date of such notification to file a proper return, . . . the commissioner may determine the tax due, according to his best information and belief, and may assess the same at not more than double the amount so determined . . . ." See G. L. c. 62C, § 26 (*b*) (Commissioner must first give taxpayer notice of intent to assess deficiency).

The board issued an opinion and findings of fact in support of its decision. See G. L. c. 58A, § 13. The board considered whether McCarthy could be subject to a special fuels tax pursuant to the first paragraph of G. L. c. 64E, § 15 (hereinafter § 15), inserted by St. 1956, c. 619, § 1, which provides in part: "Any person not licensed under this chapter who delivers to any person other than a licensee under this chapter special fuels upon which the tax due hereunder has not been paid, knowing, or who reasonably should know, that such special fuel is to be used or sold for the purpose of propelling motor vehicles on the public highways, shall be liable for the tax imposed by this chapter."[5] The board concluded that the Commissioner lawfully could assess a special fuels tax on McCarthy, an unlicensed user-supplier who sold diesel fuel for use in motor vehicles driven on public highways.[6]

Conceding that his liability or nonliability for the special fuels tax is determined by § 15, McCarthy contends that this part of the statute cannot apply to a receiver of special fuels who resells to the public. According to McCarthy, the Legislature, in enacting § 15, must have intended to impose tax liability only on suppliers of special fuels, since user-sellers or retailers would always know, or "reasonably should know," that the special fuels delivered will be used to propel motor vehicles on the highways. See G. L. c. 64E, § 15.

Determining whether § 15 applies to McCarthy, an unlicensed user-seller, "is a mixed question of fact and law. As the board is a State agency charged with administering the tax abatement process, its determination is due some deference." See *French* v. *Assessors of Boston*, 383 Mass. 481, 482 (1981). "It is a familiar principle that tax laws are to be strictly construed. The right to tax must be plainly conferred by the statute.

---

[5] The second paragraph of § 15 specifically imposes tax liability for special fuels on "[a]ny user" who acquires such fuels in the Commonwealth for "the purpose of propelling motor vehicles owned or leased by him on the highways of this commonwealth."

[6] Because we agree with the board's conclusion that § 15 subjects McCarthy to tax liability as an unlicensed user-seller of special fuels, we need not reach the second issue whether he is also liable as a "purchaser under G. L. c. 64E, § 10.

It is not to be implied." *Cabot* v. *Commissioner of Corps. & Taxation*, 267 Mass. 338, 340 (1929). Moreover, "ambiguities in taxing statutes are to be resolved in favor of the taxpayer." *Xtra, Inc.* v. *Commissioner of Revenue*, 380 Mass. 277, 281 (1980). See *Cabot* v. *Commissioner of Corps. & Taxation, supra.*

Ordinarily, we do not resort to the legislative history of a statute where it is clear and unambiguous on its face. See *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977); *Chouinard, petitioner,* 358 Mass. 780, 782 (1971). The Commissioner argues that the statute is clear, and the words "any person" in § 15 are unambiguous. Yet, in interpreting a general but undefined term used in a taxing statute, we have sanctioned an evaluation of the legislative history so as to reach a result consistent with the statute's purpose. See *Xtra, Inc.* v. *Commissioner of Revenue, supra* at 280-281. The word "person," as used in § 15, could carry the ordinary meaning of "a living human being." See *Commonwealth* v. *Welosky,* 276 Mass. 398, 404 (1931), cert. denied, 284 U.S. 684 (1932). However, we have stated that the word "'person' by itself is an equivocal word." *Id.* at 406. It "has no fixed and rigid signification, but has different meanings dependent upon contemporary conditions, the connection in which it is used, and the result intended to be accomplished." *Id.* at 404.

The word thus should be construed so as to effectuate the intent of the drafters of the statute. See *id.* at 405-406. The present § 15 was adopted by the Legislature in almost identical form from an amendment to a special fuels bill proposed by the Commissioner of Corporations and Taxation. Compare 1956 Senate Doc. No. 460, at 1 and 9, and 1956 Senate Doc. No. 638, at 7, with 1956 Senate Doc. No. 725, at 11, and G. L. c. 64E, § 15. The purpose of the amendment was to make more efficacious the collection of special fuels taxes by imposing on suppliers, user-sellers, and sellers the responsibility to report the amount of special fuels sold, purchased, or used by them. See 1956 Senate Doc. No. 460, at 1-2. The Commissioner of Corporations and Taxation specifically stated that the special fuels tax could be levied against a supplier or a

user-seller, who is either a retailer, such as McCarthy, dispensing special fuels into the fuel tanks of motor vehicles, or one who purchases special fuels for use in his own vehicles. By enacting the proposed amendment, which included § 15, the Legislature accepted the recommendations of the Commissioner of Corporations and Taxation, and thus must have expected the statute to impose tax liability on an unlicensed user-seller such as the appellant. Compare 1956 Senate Doc. No. 460, at 9, with G. L. c. 64E, § 15, and 1956 Senate Doc. No. 725, at 11.

The board's analysis of other sections of G. L. c. 64E supports the interpretation of § 15 as applicable to a wide group of persons who sell or use special fuels in motor vehicles on public highways, including user-sellers. General Laws c. 64E, § 3, imposes on all "licensees" the duty to keep available for inspection by the Commissioner, all records of all purchases, sales, and use of special fuels. General Laws c. 64E, § 10, specifically states that purchasers of special fuels must bear the special fuels tax burden, and the amount of the tax always must be included in the sale price of the fuel. General Laws c. 64E, § 14, requires that any licensee who no longer does business as a user-seller or supplier, and surrenders his license, must pay all accrued taxes on special fuels. Even a person who purchases the former licensee's business may become liable for these taxes under § 14, unless the transferor properly notified the Commissioner of the sale of the business. Furthermore, G. L. c. 64E, § 5, inserted by St. 1956, c. 619, § 1, expressly states that any person who purchases and uses special fuels "in any manner *except in the operation of motor vehicles upon . . . highways*" (emphasis added), is not liable for the tax imposed on such fuels.[7]

---

[7] The board also noted that the Legislature specifically defined some ordinary words in G. L. c. 64E to ensure that these terms would be given special meaning in addition to their ordinary definition. See, e.g., G. L. c. 64E, § 1 (*g*), inserted by St. 1956, c. 619, § 1 ("[u]se"); § 1 (*h*) ("[m]otor vehicle"); § 1 (*i*) ("[p]urchaser"); § 1 (*j*) ("[s]ale"). Therefore, it is logical to conclude that the Legislature would have defined the word "person" in G. L. c. 64E had they intended it to carry a specific or narrow meaning.

The Appellate Tax Board correctly construed § 15 as applicable to McCarthy. His knowledge that the diesel fuel he sold was "for the purpose of propelling motor vehicles on the public highways," as required by § 15, is beyond dispute. Thus, the board properly upheld the tax assessed by the Commissioner.

*Decision of the Appellate Tax*
*Board affirmed.*