Electronics Corporation of America *vs.*
Commissioner of Revenue.

Suffolk. May 5, 1988. — June 22, 1988.

Present: Hennessey, C.J., Wilkins, Nolan, Lynch, & O'Connor, JJ.

*Taxation*, Corporation, Corporate excise, Abatement. *Limitations, Statute of. Statute*, Construction. *Administrative Law*, Regulations, Agency's authority, Agency's interpretation of regulation. *Regulation*.

Where a corporate taxpayer filed its State excise return for the 1976 tax year on June 15, 1977, enclosing the tax due on its return; filed its State excise return for the 1977 tax year on September 19, 1978, having paid the tax due during the course of the year in estimated payments; filed reports of change on February 23, 1984, with respect to Federal net income for those years, determined by the Federal government to have been higher than originally reported, enclosing additional State excise tax due; and, discovering that it had paid State excise tax in 1976 and 1977 on sales income not allocable to Massachusetts, filed applications on December 13, 1984, for abatement of taxes paid in those years, the taxpayer was held to have timely filed its abatement applications "within one year from the date that the tax was paid" under G. L. c. 62C, § 37. [674-677]

Appeal from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Verne W. Vance, Jr.*, for the taxpayer.

*Suzanne E. Durrell*, Assistant Attorney General (*Alice E. Moore*, Assistant Attorney General, with her) for the Commissioner of Revenue.

Lynch, J. This is a challenge by the plaintiff, Electronics Corporation of America, to a decision of the Appellate Tax Board upholding the refusal of the Commissioner of Revenue (commissioner) to abate the taxpayer's Massachusetts corporate excise for the years 1976 and 1977.

The relevant facts are not in dispute. Electronics Corporation of America (taxpayer) is a Massachusetts corporation subject to an excise, G. L. c. 63, § 38. That tax is determined under a formula which allocates a portion of the taxpayer's total net income to Massachusetts, taking into account the Massachusetts portion of the taxpayer's sales, compensation, and tangible property.

On June 15, 1977, the taxpayer filed with the commissioner its excise return for the 1976 tax year, showing an amount due of $52,774. The tax was paid with the return. On September 19, 1978, the taxpayer filed its return for the 1977 tax year, showing an amount due of $7,272. This tax had been paid, during the course of the tax year, in estimated payments.

Subsequent to these filings, the Federal government determined that the taxpayer's taxable Federal net income for 1976 and 1977 was higher than originally had been reported. As a result of that determination, on February 23, 1984, the taxpayer filed with the commissioner reports of change with respect to Federal net income for those years, pursuant to G. L. c. 62C, § 30. The report for 1976 showed an increase in Federal net income of $886,115, which led to an increase in State excise due of $65,596. The report for 1977 showed an increase of $1,839,932, and a corresponding additional State excise due of $123,897. The taxpayer paid these amounts on February 23, 1984, with its reports.

Subsequently, the taxpayer discovered that, in determining the portion of its total sales allocable to Massachusetts, it had included sales attributable to regional sales offices owned or rented by the corporation outside of Massachusetts. The taxpayer believed that this inclusion was an error because of a determination by the commissioner on December 10, 1984, with respect to the taxpayer's 1978, 1979, and 1980 tax returns, that the taxpayer's sales attributable to such regional offices were not Massachusetts sales. Excluding these sales from the portion of the taxpayer's sales allocable to Massachusetts resulted in a reduction of the taxpayer's income subject to the excise and, thus, in a reduction of the tax properly due.

As a result, on December 13, 1984, the taxpayer filed with the commissioner applications for abatement of $75,973 of its 1976 excise, and $52,847 of its 1977 excise, to reflect what it believed to be the proper treatment of such sales. On October 16, 1985, the commissioner denied these applications on the ground that he lacked jurisdiction to act on them because they were filed beyond the deadline contained in G. L. c. 62C, § 37. The commissioner's decision was affirmed by the Appellate Tax Board, and the taxpayer appealed. We transferred the case here from the Appeals Court on our own motion, and now reverse and remand the case for further proceedings.

1. *The statutory and regulatory background.* Under G. L. c. 63, § 38, the excise is imposed under statutory formula on that part of a corporation's net income that is derived from business carried on within the Commonwealth. Any taxpayer who disagrees with the amount of tax assessed may seek an abatement by applying to the commissioner within the following time limits: (1) "within three years from the last day for filing the return for such tax, determined without regard to any extension of time"; (2) "within two years from the date the tax was assessed or deemed to be assessed"; or (3) "within one year from the date that the tax was paid," whichever is later. G. L. c. 62C, § 37. A tax is "deemed to be assessed . . . at the time when the return is filed or required to be filed, whichever occurs later." G. L. c. 62C, § 26.

In the event that the taxpayer's Federal taxable income for a previous tax year is changed by the Federal government and the taxpayer believes that "a lesser tax was due the commonwealth than was paid" as a result of the change, the taxpayer may apply to the commissioner for an abatement under G. L. c. 62C, § 30, "within one year of the date of notice of such final determination [of a change in Federal taxable income] by the federal government." G. L. c. 62C, § 30. The commissioner has promulgated regulations under both § 30 and § 37. 830 Code Mass. Regs. § 62C.30.1 (1988). 830 Code Mass. Regs. § 62C.37.1 (1988).

2. *Timeliness under G. L. c. 62C, § 37.* The Appellate Tax Board held that the taxpayer had filed its applications for abate-

ment "long after the time limits provided by Section 37 had expired." The taxpayer claims that its applications were filed either "within two years from the date the tax was assessed or deemed to be assessed"[1] and "within one year from the date that the tax was paid." G. L. c. 62C, § 37. We conclude that the applications were timely because the taxpayer filed its abatement applications within one year from the date the tax was paid. The taxpayer paid the additional tax due the Commonwealth as the result of its change in Federal net income on February 23, 1984, and filed its applications for abatement on December 13, 1984, less than ten months later. Thus the taxpayer timely filed its applications "within one year from the date that the tax was paid" under G. L. c. 62C, § 37.

The commissioner argues, however, that the language, "the date that the tax was paid" refers to the date the *initial* tax was paid with the taxpayer's return. We see no such limitation in the language of the statute, and there is no related provision stating when taxes are "deemed" to be paid. Compare G. L. c. 62C, § 26 (*a*). To whatever extent the statute is ambiguous, we construe it in favor of the taxpayer. *McCarthy* v. *Commissioner of Revenue*, 391 Mass. 630, 632-633 (1984), and cases cited. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530 (1921), *S.C.*, 241 Mass. 309 (1922). The taxpayer here properly paid some tax within a year prior to the filing of its applications and, thus, the applications were timely.

The commissioner also argues that, even if the taxpayer does come within the one-year time limit of § 37, its applications nonetheless are barred because they purportedly are based on matters which are not "related" to the Federal change in income. We reject this argument. Nothing in the language of § 37 itself supports the commissioner's interpretation. The statute simply says that "[a]ny person aggrieved by the assess-

---

[1] In *Supermarkets Gen. Corp.* v. *Commissioner of Revenue, post* 679 (1988), decided today, we discuss the applicability of the two years from the date of assesment requirement.

ment of a tax . . . may apply in writing to the commissioner . . . for an abatement thereof [within the specified time limits] . . . and if the commissioner finds that the tax is excessive in amount or illegal, he shall abate the tax, in whole or in part, accordingly." There is no requirement that the application be based on matters related to a Federal change in income.

The commissioner appears to rely for his interpretation of § 37 on a Department of Revenue regulation, 830 Code Mass. Regs. § 62C.37.1(4)(e) (1988), the text of which is set out in the margin.[2] The regulation appears to have imported concepts from G. L. c. 62C, § 30, which section may in fact limit the taxpayer to arguing issues related to the change in Federal income. See G. L. c. 62C, § 30. However, the fact that the Legislature has chosen to grant a specific abatement remedy to a taxpayer experiencing a change in Federal taxable income does not, without more, imply that a taxpayer experiencing such a change is thereby precluded from employing the general abatement remedy of § 37 if it otherwise qualifies for consideration under that section.

To the extent that the regulation seeks to impose restrictions on the clear language of § 37 — which itself neither contains nor permits such restrictions — the regulation is invalid. "[A]n administrative board or officer has no authority to promulgate rules and regulations which are in conflict with the statutes or

---

[2]Title 830 Code Mass. Regs. § 62C.37.1(4)(e) (1988) states: "If the Commissioner has assessed an additional tax as a result of a change in federal taxable income, the taxpayer may file an application for abatement within two years of the date of such assessment. If, as a result of a change by the federal government in a person's federal taxable income, the person believes that a lesser tax was due than was previously assessed and the time for otherwise filing for an abatement has expired, he may apply to the Commissioner for an abatement by filing a Report of Change with Respect to Federal Net Income (Form 33FC or 355FC) within one year of the date of notice of such final determination by the federal government. In the latter case the Commissioner will abate only such portion of the total tax assessed for the taxable period as exceeds the proper tax due. An abatement of taxes assessed by the Commissioner as a result of a federal change, or an abatement because items of federal change would reduce a tax previously assessed, is limited to the tax related to the items changed in the federal determination."

exceed the authority conferred by the statutes by which such board or office was created." *Bureau of Old Age Assistance of Natick* v. *Commissioner of Pub. Welfare*, 326 Mass. 121, 124 (1950). Section 37 clearly enunciates a general abatement remedy for those making timely and meritorious application thereunder. The commissioner was without authority to restrict that general remedy to matters "related to" a Federal change in income.

The commissioner responds, however, that the result we reach means that any time a taxpayer pays additional State taxes in connection with Federal changes in taxable net income, the taxpayer can seek abatement under § 37 not only of those additional State taxes, but also of taxes previously paid, a result the commissioner characterizes as "unintended and absurd." No such result need occur. Under the commissioner's regulation, "[i]f the time for filing an abatement application has otherwise expired and an application for abatement is filed within one year of a payment of a portion of an assessment, the Commissioner will not grant an abatement in excess of the payment." 830 Code Mass. Regs. § 62C.37.1(3) (1988). The taxpayer here conceded in its reply brief, and at oral argument, that this regulation is a reasonable way to avoid any unintended or absurd result.

The regulation also accords with the letter and spirit of the statute. Section 37 permits applications for abatement of "a tax" to be filed within one year from the date that "the tax was paid." In this case, the taxpayer admits that the only tax that was paid within one year of the abatement applications was a portion of the total tax that had been due. It is neither unreasonable nor contrary to the language of the statute for the commissioner to limit any abatement to that amount.

Since we have concluded that the taxpayer properly filed its abatement applications within one year of payment under G. L. c. 62C, § 37, we need not consider the taxpayer's assertion that the applications were also filed within two years of an assessment under that statute, or the commissioner's claim that the applications could not properly be considered under G. L. c. 62C, § 30.

3. *Disposition.* The decision of the Appellate Tax Board is reversed. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*