## Board of Assessors of Bridgewater *vs.* Bridgewater State University Foundation.[1]

No. 10-P-593.

Suffolk. March 15, 2011. - June 7, 2011.

Present: Lenk, Green, & Katzmann, JJ.

Further appellate review granted, 460 Mass. 1109 (2011).

*Taxation,* Appellate Tax Board: findings; Real estate tax: charity, exemption; Judicial review. *Administrative Law,* Judicial review, Substantial evidence.

The Appellate Tax Board, in determining the applicability of the charitable exemption from real estate taxation provided by G. L. c. 59, § 5, Third, to properties owned by the defendant foundation but used in whole or in part by a State university, erred in concluding that the properties were tax exempt on the ground that the use of the properties by the university in furtherance of the foundation's charitable purposes constituted occupancy of the property by the foundation, where the statute by its terms plainly required occupancy by the charitable organization claiming exemption, or by another charitable organization. [639-641]

Appeal from a decision of the Appellate Tax Board.

*Mary C. Butler* for board of assessors of Bridgewater.

*Michael R. Coppock* for the taxpayer.

Green, J. At issue in the present case is the applicability of the charitable exemption from real estate taxation provided by G. L. c. 59, § 5, Third, to properties owned by the appellee Bridgewater State University Foundation (foundation) but used in whole or in part by Bridgewater State University (university).[2] The Appellate Tax Board (board) concluded that the properties are tax exempt because the foundation "occupied" the properties, including the portions used by the university,

---

[1]Pursuant to an amendment to the indenture of trust of The Bridgewater State College Foundation, dated February 17, 2001, its name changed to The Bridgewater State University Foundation. That name change conformed to the change effected by St. 2010, c. 189, pursuant to which Bridgewater State College became a university.

[2]See note 1, *supra.*

638                               79 Mass. App. Ct. 637 (2011)

Board of Assessors of Bridgewater v. Bridgewater State University Foundation.

reasoning that use of the properties by the university in further-ance of the foundation's charitable purposes constitutes oc-cupancy of the property by the foundation, within the meaning of the statute. We reverse.

*Background.* We summarize the relevant facts as stipulated by the parties, supplemented by additional facts found by the board in its written decision and not disputed by the parties on appeal.[3] The town of Bridgewater (town) is a municipality in the Commonwealth. The foundation is a charitable foundation that was established in 1984. The university is a State university.[4] Its campus is situated on 235 acres in the center of the town. The foundation owns real property at the following locations in the town: (i) 180 Summer Street; (ii) 25 Park Terrace; (iii) three unimproved parcels of land on Plymouth Street (containing .74, 16.22 and 5.79 acres, respectively); and (iv) 29 Park Terrace. The foundation previously leased the buildings at 25 Park Ter-race and 180 Summer Street to the university for one dollar per year per building (or part thereof used by the university). The lease of 25 Park Terrace was written, while the lease of 180 Summer Street was oral; by the time of the present appeal to the board, however, both leases had expired, though the university continued to use both properties without any payment. There has never been a lease from the foundation to the university of the property at 29 Park Terrace or the land on Plymouth Street; the university's use of those properties has been permissive, without payment of any amount to the foundation.

The foundation is organized and operated pursuant to G. L. c. 15A, § 37, exclusively for the benefit of the university (which is an institution of public higher education within the meaning of that chapter).[5] The foundation's operating agree-

---

[3]We omit certain stipulations concerning procedural details of the foun-dation's abatement requests that are not material to resolution of the legal question at issue in this appeal. The parties agree that there are no jurisdictional impediments to the foundation's requests for abatement for fiscal years 2007 and 2008.

[4]During the tax years in question, which preceded the changes described in note 1, *supra*, the university was a State college. The difference is immaterial for purposes of our analysis.

[5]Although the university and the foundation are organized within the same chapter, they are separate entities with separate functions.

ment with the university provides that the foundation shall hold, manage, and invest its money and other assets "solely for the benefit of the College[6] and not otherwise." The board found that the Plymouth Street parcels, though unimproved, were occupied by students of the university and student groups for recreational purposes, that this use promoted the "physical training, and the social, moral and aesthetic development" of the students of the university, and that such use is consistent with the charitable purpose of the foundation. The board also found that 25 Park Terrace was occupied in part by the foundation for its own offices and in part by the university's alumni office, while 180 Summer Street housed the university's political science department. The property at 29 Park Terrace was used by both the university and the foundation for fundraising events and receptions. Because the use of each of the properties was consistent with the foundation's charitable purpose, the board concluded that the foundation "occupied" the properties within the meaning of G. L. c. 59, § 5, Third.

*Discussion.* "We review decisions of the board for errors of law. . . . Findings of fact by the board must be supported by substantial evidence." *Middlesex Retirement Sys., LLC* v. *Assessors of Billerica,* 453 Mass. 495, 498-499 (2009) (internal citations omitted). Where, as here, the case was submitted to the board on a statement of agreed facts, together with other documentary submissions, it constitutes a "case stated"; accordingly, " '[t]he inferences drawn by the [board] from the facts stated are not binding upon us, and questions of fact as well as questions of law are open for review' on appeal." *Id.* at 499, quoting from *Caissie* v. *Cambridge,* 317 Mass. 346, 347 (1944). "In reviewing mixed questions of fact and law, the board's expertise in tax matters must be recognized, and its decisions are due 'some deference.' " *Koch* v. *Commissioner of Rev.,* 416 Mass. 540, 555 (1993), quoting from *McCarthy* v. *Commissioner of Rev.,* 391 Mass. 630, 632 (1984).

General Laws c. 59, § 5, Third, provides an exemption from taxation for property described in pertinent part as follows:

"Personal property of a charitable organization, which

---

[6]See note 1, *supra.*

term, as used in this clause, shall mean (1) a literary, benevolent, charitable or scientific institution or temperance society incorporated in the commonwealth, and (2) a trust for literary, benevolent, charitable, scientific or temperance purposes if it is established by a declaration of trust executed in the commonwealth or all its trustees are appointed by a court or courts in the commonwealth and if its principal literary, benevolent, charitable, scientific or temperance purposes are solely carried out within the commonwealth or its literary, benevolent, charitable, scientific or temperance purposes are principally and usually carried out within the commonwealth; and real estate owned by or held in trust for a charitable organization *and occupied by it* or its officers for the purposes for which it is organized or by another charitable organization or organizations or its or their officers for the purposes of such other charitable organization or organizations; and real estate purchased by a charitable organization with the purpose of removal thereto, until such removal, but not for more than two years after such purchase . . . ."[7] (Emphasis added).

There is no dispute that the foundation is a charitable organization within the meaning of the statute, and that the university is not.[8] Accordingly, strictly under the terms of the statute the properties at issue are exempt from taxation only if they are occupied by the foundation, rather than the university. See *Sturdy Memorial Foundation, Inc.* v. *Assessors of North Attleborough,* 47 Mass. App. Ct. 519, 520 (1999). It is apparent from the record that (except for the portions of 25 Park Terrace housing the foundation's offices, and the occasional use of 29 Park Terrace to host fundraisers for the foundation) the university (rather than the foundation) occupies the properties, albeit for use in a manner consistent with the foundation's purposes. The statute by its terms requires occupancy by the charitable organization claiming exemption, or by another charitable organization, coupled with use for a purpose consistent with the charitable purpose of the occupying charitable organization. In the board's

---

[7]The statute contains several provisos not relevant to the present case.

[8]Real estate owned by the university nonetheless is exempt from taxation, by virtue of G. L. c. 59, § 5, Second, which exempts (with exceptions not relevant here) property of the Commonwealth.

view, the foundation "occupied" the properties so long as the properties were used for purposes consistent with the foundation's charitable use — without regard to who conducted such use. But the statutory requirements of occupancy by a charitable organization and use for its charitable purpose are plainly separate and conjunctive; construing occupancy solely by reference to the purpose for which the property is used (as the board has done) would render superfluous the statute's reference to occupancy by the charitable organization. Neither we, nor the board, are free to ignore the statutory requirements. We accordingly reject the board's conclusion that the foundation "occupied" the properties within the meaning of the statute, by virtue of the university's use of them. See *Sturdy Memorial Foundation, Inc.* v. *Assessors of North Attleborough, supra* (treating occupancy and use as separate and distinct requirements).[9]

The statutory exemption created under G. L. c. 59, § 5, Third, does not exempt the properties owned by the foundation at issue in the present case. We recognize that our conclusion has the effect of subjecting to taxation properties that would be exempt if occupied by the charitable organization that owns them, or if owned by the State university that occupies them. The result is dictated by the terms of the statutory exemption; to the extent that it may appear either counterintuitive or (as the foundation argues) contrary to the intent of the Legislature, it is for the Legislature to address by means of a statutory amendment.[10]

*Decision of the Appellate Tax*
*Board reversed.*

---

[9]We have considered whether the board's decision might be sustained on the alternative principle that "where land is taken (or purchased when it could have been taken) and held for a public purpose, it shall be exempt from taxation in the absence of any express statutory provision to the contrary." *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 495 (1906). However, the principle is inapplicable to the present case; the foundation did not acquire the properties by exercise of the power of eminent domain and, more importantly, does not appear from the record to hold the power to take property by eminent domain. See *Connecticut Valley St. Ry. Co.* v. *Northhampton*, 213 Mass. 54, 58 (1912) (observing that the exemption described in *Milford Water Co.* "is coextensive with the right to take by eminent domain").

[10]Alternatively, the foundation and university could avoid taxation of the properties by transferring ownership to the university.