EDWARD A. COOMEY & another[1] vs. BOARD OF ASSESSORS
OF SANDWICH.

Barnstable.    April 7, 1975. — May 28, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Appellate Tax Board: findings, appeal to Supreme Judicial
Court.

An appellant to this court who neither requested nor obtained a steno-
graphic transcript of a hearing before the Appellate Tax Board was
barred from raising in this court the question whether the findings
and decision of the board were warranted by the evidence before
it.  [839]

APPEAL from a decision of the Appellate Tax Board.

*Alan M. Winsor* for the taxpayers.

*Alan A. Green* for the Board of Assessors of Sandwich.

TAURO, C.J.  This is an appeal from a decision of the
Appellate Tax Board (the board) upholding the refusal of
the board of assessors of Sandwich (the assessors) to abate
real estate taxes for the year 1972.

The taxpayers own four parcels of land in the town of
Sandwich.  They lease the dwellings on three of the
parcels to various tenants for summer and year-round
habitation.  For the year 1972, the assessors valued the
four parcels and buildings at an aggregate figure of
$91,000[2] and assessed taxes in the amount of $2,047.50.[3]
The taxpayers made applications to the assessors for

---

[1] Lillian H. Coomey.

[2] The board found that the taxpayers paid $95,000 for the property
on April 9, 1971.

[3] The taxes have been paid.

abatements of the taxes. When these were disallowed, the taxpayers filed a petition under the formal procedure (G. L. c. 58A, § 7) with the board. G. L. c. 59, §§ 64, 65. In their petition, as amended, the taxpayers alleged that the assessors had overvalued their property in relation to comparable properties and that the assessors had "intentionally assessed all the property in the town at less than its fair cash value and in a manner discriminating against the taxpayers." The board concluded that the taxpayers had failed to prove either allegation and found for the assessors. In this appeal, the taxpayers press only their discriminatory assessment theory.

It is well settled that assessors have a statutory and constitutional obligation to assess all real property at full and fair cash value. *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223, 230-232 (1961). *Bennett* v. *Assessors of Whitman,* 354 Mass. 239, 240 (1968). *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. 554, 559 (1971). *Assessors of Lynn* v. *Shop-Lease Co. Inc.* 364 Mass. 569, 572 (1974). *Sudbury* v. *Commissioner of Corps. & Taxn.* 366 Mass. 558, 563 (1974). See Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth; art. 10 of the Declaration of Rights; G. L. c. 59, §§ 38, 52. To the extent that assessors, in violation of that obligation, value property at less than full and fair cash value, they must assure that each taxpayer bears only his proportionate share of the tax burden. One taxpayer may not have his property assessed at full cash value while others are systematically assessed at lower percentages of cash. ". . . [T]he right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be

preferred as the just and ultimate purpose of the law." *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 373 (1965), quoting with approval from *Sioux City Bridge Co.* v. *Dakota County, Nebraska,* 260 U. S. 441, 446 (1923). If the taxpayer can demonstrate in an appeal to the board that he has been a victim of a scheme of discriminatory, disproportionate assessment, he "may be granted an abatement . . . which will make . . . [his] assessment proportional to other assessments, on a basis which reaches results as close as is practicable to those which would have followed application by the assessors of the proper statutory assessment principles." *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. at 377-378 (1965). *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. 554, 559 (1971).

The burden of proof as to the existence of such a scheme is, of course, on the taxpayer. *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. at 562 (1971). See *Schlaiker* v. *Assessors of Great Barrington,* 365 Mass. 243, 245 (1974). However, by proper proof, the taxpayer may shift the burden of production of evidence to the assessors. "If the taxpayer establishes improper assessment of such number of . . . properties (at less than fair cash value and on a basis discriminating against the taxpayer) as to support an inference that there was a scheme of . . . [improper discriminatory] assessment, then the assessors will have the burden of going forward to show that there has been no scheme of discriminatory assessment." *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. at 377 (1965). *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. at 559 (1971).

In the instant case, the taxpayers assert that the board erred in deciding that they had not proved their case and in refusing them abatements. The taxpayers argue (1) that their "Exhibit 9," a list of real estate sales and corresponding property assessments, supported an "in-

ference," as that term is used in the above-cited two cases, that the assessors had discriminated against the taxpayers' property in their assessments and (2) that the assessors had not carried *their* burden of producing evidence to disprove the existence of a scheme of discrimination. Because of the view we take of the case, we do not reach the merits of the taxpayers' arguments.

We must affirm the board's decision. The scope of permissible review in this case is narrow. In any appeal to this court from a decision of the board, our review is limited to questions of law. The decision of the board as to findings of fact is final. G. L. c. 58A, § 13. *Schlaiker* v. *Assessors of Great Barrington*, 365 Mass. 243, 245 (1974). *Boston Tow Boat Co.* v. *State Tax Commn.* 366 Mass. 474 (1974). *Assessors of Hamilton* v. *Iron Rail Fund of Girls Clubs of America, Inc., ante,* 301, 302 (1975). In addition, in the instant case, because no stenographic transcript of the proceedings before the board was made (or requested), we cannot consider whether, as matter of law (see *Assessors of Lancaster* v. *Perkins Sch.* 323 Mass. 418, 419 [1948]), the evidence before the board warranted its findings. G. L. c. 58A, § 10. "So far as the [board's] findings are based upon unreported evidence they cannot be disturbed." *Commissioner of Corps. & Taxn.* v. *J. G. McCrory Co.* 280 Mass. 273, 278 (1932). Accord, *Revere* v. *Revere Constr. Co.* 285 Mass. 243, 247 (1934); *Commissioner of Corps. & Taxn.* v. *Ford Motor Co.* 308 Mass. 558, 572 (1941); *DeCordova* v. *Commissioner of Corps. & Taxn.* 314 Mass. 371, 374 (1943). See G. L. c. 58A, § 13. Cf. *Assessors of Boston* v. *Garland Sch. of Home Making,* 296 Mass. 378 (1937). Accordingly, the taxpayers' arguments, which, in essence, question the sufficiency of the evidence to support the board's decision (see *Assessors of Lynn* v. *Zayre Corp.* 364 Mass. 335, 339 [1973]), are foreclosed by the state of the record. We have before us none of the oral testimony which is described generally in

the board's report and cannot judge its sufficiency. The decision of the Appellate Tax Board is affirmed.

*So ordered.*