LAMBETH CORPORATION *vs.* COMMISSIONER OF REVENUE.

Suffolk.  September 12, 1984. — November 7, 1984.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation,* Use tax. *Constitutional Law,* Taxation, Interstate commerce.

General Laws c. 64I, § 28, allowing deduction of the value of a boat traded
  in toward the purchase of a new boat in calculating use tax when the
  seller is a registered vendor, and denying such a deduction when the
  seller is not, places no unconstitutional burden on interstate commerce.
  [237-239]

APPEAL from a decision of the Appellate Tax Board.

*James R. Lemieux* for the plaintiff.

*H. Reed Witherby,* Assistant Attorney General, for Commissioner of Revenue.

WILKINS, J. The plaintiff purchased a boat from a Connecticut boat dealer which was not a vendor registered under G. L. c. 62C, § 67. As partial payment of the purchase price, the plaintiff traded in a boat. The plaintiff paid a use tax to the Commonwealth based on the difference between the purchase price of the new boat and the trade-in value of the old boat. The Commissioner of Revenue demanded payment of a use tax based on the full purchase price of the new boat. The plaintiff appeals from a decision of the Appellate Tax Board upholding the Commissioner's determination. We affirm.

Under G. L. c. 64I, § 28, as amended through St. 1969, c. 558, § 5, the use tax is measured by "the difference between the sale price of the boat purchased and the amount allowed on the boat traded in on such purchase," if the dealer accepting the trade-in holds "a valid vendor's registration." See G. L. c. 64H, § 27, for identical language as to the sales tax. There is no question that, because the vendor was not registered, a use tax based on the entire sale price of the plaintiff's new boat was payable under the terms of G. L. c. 64I, § 28. The

plaintiff argues that § 28 is unconstitutional as a burden on interstate commerce.

. Section 28 of G. L. c. 64I and § 27 of G. L. c. 64H comprise a statutory scheme that is neutral on its face, allowing the deduction of the trade-in value in computing use and sales taxes when the seller, wherever situated, is registered, and disallowing the deduction when the seller is not registered. The Commonwealth's taxing authorities have long permitted the registration of out-of-State vendors pursuant to G. L. c. 62C, § 67, and more than 1,500 out-of-State vendors are so registered. There is no discrimination against out-of-State vendors apparent on the face of the statute as has been true in certain of our cases. See *Boston Tow Boat Co.* v. *State Tax Comm'n,* 366 Mass. 474, 479 (1974); *Hynson, Westcott & Dunning, Inc.* v. *Commissioner of Pub. Health,* 346 Mass. 606, 610 (1964); *Mueller* v. *Commissioner of Pub. Health,* 307 Mass. 270, 280 (1940). States that have limited a trade-in allowance to in-State purchases by precluding the registration of out-of-State vendors (*Robert Emmet & Son Oil & Supply* v. *Sullivan,* 158 Conn. 234, 243 [1969]), or by providing a trade-in allowance only under the sales tax (*Matthews* v. *Department of Revenue,* 193 Colo. 44, 49 [1977]; *Nuckols* v. *Athey,* 149 W. Va. 40, 50 [1964]), have been held to violate the commerce clause of the United States Constitution. These defects are absent from the Massachusetts taxing practice.

The statutory scheme does not discriminate between in-State and out-of-State businesses, either facially or as applied. Any effects on interstate commerce are not shown to be more than incidental. The process of registration is not shown to be burdensome, expensive, or discriminatory against out-of-State vendors. See. G. L. c. 62C, § 67. Any burden imposed on interstate commerce is not shown, on this record, to be clearly excessive in relation to the obvious administrative benefit of having all vendors registered and maintaining suitable records (G. L. c. 62C, § 25). See *Pike* v. *Bruce Church, Inc.,* 397 U.S. 137, 142 (1970); *Grocery Mfrs. of Am., Inc.* v. *Department of Pub. Health,* 379 Mass. 70, 80-81 (1979). The fact that the purchase of a boat from an out-of-State seller who is

not registered with the Department of Revenue will result in a higher use tax if there is a trade-in than the use tax payable if such a purchase is made from an out-of-State vendor who is so registered is not shown to be an impermissible burden on interstate commerce.

*Decision of the Appellate Tax Board affirmed.*