THOMAS A. MINCHIN *vs.* COMMISSIONER OF REVENUE. November 7, 1984. *Appellate Tax Board,* Review by Supreme Judicial Court. *Taxation,* Appellate Tax Board.

The plaintiff appeals from the decision of the Appellate Tax Board (board) affirming the defendant's denial of an abatement of a use tax on the purchase price of a boat (G. L. c. 64I). The board ruled that the use tax was payable because the plaintiff used the boat in the Commonwealth within six months of the date he purchased it out of State (G. L. c. 64I, § 8 [*f*]). The board found that the plaintiff, who purchased the boat in May, 1981, used the boat in Massachusetts in July and August, 1981. It further found that the plaintiff was not transporting the boat to other waters for use solely outside the Commonwealth (G. L. c. 64I, § 1). The board ruled that the plaintiff had not rebutted the statutory presumption (G. L. c. 64I, § 8 [*f*]) that bringing the boat into the Commonwealth within six months after its purchase showed that it was purchased for use in the Commonwealth. Neither party requested a stenographic transcript of the hearing.

The plaintiff challenges the application of the statute to him on constitutional grounds, claiming violation of the commerce clause of the Constitution of the United States (art. 1, § 8) and of his constitutional right to travel. He makes no statutory claim. Before the board he neither argued nor requested a ruling on any constitutional issue. This court is not to "consider any issue of law which does not appear to have been raised in the proceedings before the board." G. L. c. 58A, § 13, as amended through St. 1983, c. 72, § 2. The constitutional

issues are raised too late. We said in *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 752 (1975), that "[t]o raise a constitutional question on appeal to this court from the board, the taxpayer must present the question to the board and, in so doing, make a proper record for appeal. Otherwise, the taxpayer waives the right to press the constitutional argument."

In any event, the decision of the board is final as to findings of fact (G. L. c. 58A, § 13), and the propriety of those findings cannot be challenged successfully in the absence of a transcript of the board's proceedings (G. L. c. 58A, § 10). See *Montaup Elec. Co.* v. *Assessors of Whitman,* 390 Mass. 847, 848-849 (1984). On the facts found by the board, the plaintiff could not prevail on any of his constitutional arguments. See *Southern Pac. Co.* v. *Gallagher,* 306 U.S. 167, 177 (1939); *Henneford* v. *Silas Mason Co.,* 300 U.S. 577, 583-584 (1937); *Minnesota* v. *Blasius,* 290 U.S. 1, 9-10 (1933); *Randall* v. *Norberg,* 121 R.I. 714, 720 (1979).

*Decision of the Appellate Tax Board affirmed.*

*Michael W. Merrill* for the plaintiff.

*Judith S. Yogman,* Assistant Attorney General, for Commissioner of Revenue.