MURRAY J. TOWLE *vs.* COMMISSIONER OF REVENUE.

Suffolk. February 3, 1986. — May 20, 1986.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation*, Sales and use tax, Review by Supreme Judicial Court, Nonresident, Interest and penalties. *Practice, Civil*, Presumptions and burden of proof. *Constitutional Law*, Taxation.

Discussion of principles under which this court reviews decisions of the Appellate Tax Board. [601-603]

The Commissioner of Revenue properly assessed, pursuant to G. L. c. 64I, a use tax on a boat purchased in Connecticut by a New Hampshire resident who had used and stored it in Massachusetts within two months after its purchase, and who had not paid a sales or use tax to any jurisdiction, where the taxpayer failed either to show any statutory right to an exemption from the use tax, or to overcome the effect of the statutory presumption making the use tax applicable to property brought into Massachusetts within six months of purchase. [603-605]

There was no constitutional impediment to the imposition of the Massachusetts use tax in accordance with G. L. c. 64I, on a boat purchased in Connecticut by a New Hampshire resident and stored or used in Massachusetts for several months after its purchase where the tax did not discriminate between residents and nonresidents, where a sufficient nexus existed between the property to be taxed and the taxing State, and where the tax was fairly related to the services provided by the taxing State. [605-607]

On appeal of a decision of the Appellate Tax Board affirming the denial of an abatement of a use tax assessed under G. L. c. 64I, on a boat purchased in Connecticut by a New Hampshire resident and brought into Massachusetts within two months of purchase, this court, stating that the taxpayer's liability for interest and penalties had been improperly calculated from the date of purchase, remanded the case to the board for recalculation of interest and penalties from the date the boat was first used or stored in the Commonwealth. [607-608]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on briefs.

*Murray J. Towle*, pro se.

*Suzanne E. Durrell*, Assistant Attorney General, for the Commissioner of Revenue.

HENNESSEY, C.J. The taxpayer appeals, pursuant to G. L. c. 58A, § 13 (1984 ed.), a decision of the Appellate Tax Board (board) affirming the denial of an abatement of a use tax on the purchase price of a boat. G. L. c. 64I, §§ 2, 3, 8 (*f*) (1984 ed.). On appeal, the taxpayer claims that nonresidents are not subject to sales or use tax on out-of-State purchases, that the assessment of a use tax on the taxpayer's boat was improper because the boat was not purchased for use within the Commonwealth, and that the assessment was discriminatory and violated the Fourteenth Amendment to the Constitution of the United States. In addition, the taxpayer alleges that, even if the tax was properly assessed, interest and penalties were improperly calculated. We conclude that the taxpayer raises no valid objections to the assessment of the tax, but agree that the commissioner improperly calculated the amount of interest and penalties for which the taxpayer was liable. We, therefore, remand the case to the board for recalculation of interest and penalties in a manner consistent with this opinion.

Murray J. Towle, the taxpayer, is a resident of New Hampshire. He purchased a thirty-three foot sailboat in Connecticut on May 3, 1982, at a price of $42,700. No sales tax was due or paid in Connecticut. On April 20, 1982, shortly before his purchase of the sailboat, the taxpayer entered into an agreement with Constitution Marina in Charlestown, Massachusetts, to lease a berth for the period May 1, 1982, through October 31, 1982. In June, 1982, the taxpayer brought the sailboat into Massachusetts and it was docked at the Constitution Marina in Charlestown when not in use. Subsequently, the taxpayer entered into an agreement with Barlow's Boatyard in Pocasset, Massachusetts, for storage of the sailboat for the period October 5, 1982, through May 31, 1983. The sailboat was stored at Barlow's Boatyard from October 5, 1982, through May, 1983, when the taxpayer removed the sailboat after the use tax at issue in this case was assessed. From the time the taxpayer removed the boat from Barlow's Boatyard until the time of the hearing before the board, the taxpayer docked the sailboat in Rhode Island or New Hampshire.

On October 26, 1982, the Commissioner of Revenue (commissioner) notified the taxpayer in writing that his sailboat had been found in use in Massachusetts. The notice requested that the taxpayer provide the commissioner with a copy of the sales or use tax return for the sailboat, or, if a sales or use tax had not been paid as specified in G. L. c. 64H and G. L. c. 64I, that a return be filed and the tax paid. On November 15, 1982, the commissioner issued to the taxpayer a notice of intention to assess a sales or use tax. The taxpayer filed an individual use tax return, dated November 9, 1982, which stated a purchase date of May 3, 1982, and no sales or use tax paid or due. On December 15, 1982, the commissioner issued a final notice and on December 16, the taxpayer filed a second individual use tax return and under protest paid the tax. Subsequently, the taxpayer filed an application for an abatement pursuant to G. L. c. 62C, § 37. By letter dated August 22, 1983, the commissioner denied the application for an abatement on the grounds that the taxpayer had used and stored his sailboat in Massachusetts after it was purchased in Connecticut and had paid no sales or use tax to any jurisdiction.

Following the denial of the abatement application, the taxpayer appealed the commissioner's decision to the board by filing a petition, invoking the formal procedure established by G. L. c. 62C, § 39, and G. L. c. 58A, § 7. After a hearing, the board issued a summary decision for the commissioner on March 22, 1985. Although the parties submitted requests for findings of fact and rulings of law before the board rendered its decision, neither party requested findings or a report pursuant to G. L. c. 58A, § 15, after the decision was rendered. The taxpayer requested a transcript of the hearing and a transcript is part of the record of this appeal.

1. *Scope of Review.*

Our review of any decision of the board is limited to questions of law. *Coomey* v. *Assessors of Sandwich,* 367 Mass. 836, 839 (1975). *Boston Tow Boat Co.* v. *State Tax Comm'n,* 366 Mass. 474 (1974). See G. L. c. 58A, § 13 (1984 ed.). While the board's findings of fact are final, G. L. c. 58A, § 13; *Coomey, supra; Boston Tow Boat Co., supra,* this court can

consider whether, as a matter of law, the board's factual find-
ings are supported by substantial evidence. G. L. c. 58A, § 10.
*New Bedford Gas & Edison Light Co.* v. *Assessors of
Dartmouth*, 368 Mass. 745, 749 (1975). *Schlaiker* v. *Assessors
of Great Barrington*, 365 Mass. 243, 245 n.2 (1974). To invoke
judicial review, a taxpayer appealing the board's denial of an
abatement must furnish a record that will enable the reviewing
court to consider the points of law raised. If the parties to the
appeal fail to request and provide a transcript of the hearing
before the board, or written findings and a report from the
board, "all parties shall be deemed . . . to have waived all
rights of appeal to the supreme judicial court upon questions
as to the admission or exclusion of evidence, or as to whether
a finding was warranted by the evidence." G. L. c. 58A, § 13
(1984 ed.). *Minchin* v. *Commissioner of Revenue*, 393 Mass.
1004, 1005 (1984). *Stearns* v. *Assessors of Worcester*, 376
Mass. 930 (1978). *New Bedford Gas & Edison Light Co.,
supra* at 749. *Coomey, supra* at 839. *Schlaiker, supra* at 245
n.2.

The commissioner argues that the taxpayer's factually based
arguments cannot be reviewed by this court because the tax-
payer requested no transcript pursuant to G. L. c. 58A, §§ 10,
13. This claim is without merit. In a letter to the board dated
December 9, 1984, the taxpayer inquired as to the extensive
delay in producing a transcript of the proceedings. The tran-
script has been filed with this court. Although the transcript
does little, if anything, to advance the taxpayer's claims, the
availability of the transcript permits us to consider the merits
of the taxpayer's factually-based claims.

The commissioner also asserts that the constitutional claims
the taxpayer raises on appeal cannot be reached because the
taxpayer failed to raise the issues before the board. This court
does not "consider any issue of law which does not appear to
have been raised in the proceedings before the board." G. L.
c. 58A, § 13. *Minchin* v. *Commissioner of Revenue, supra* at
1004. *New Bedford Gas & Edison Light Co.* v. *Assessors of
Dartmouth, supra* at 751-752. "To raise a constitutional ques-
tion on appeal to this court from the board, the taxpayer must

present the question to the board and, in so doing, make a proper record for appeal. Otherwise, the taxpayer waives the right to press the constitutional argument." *Id.* at 752. The taxpayer in this case has met the statutory burden. While the transcript of the hearing before the board reveals barely a glimmer of a constitutional argument by the taxpayer, following the hearing the taxpayer filed a request for rulings of law which effectively raise the taxpayer's claims under the Fourteenth Amendment to the Constitution of the United States. See *Minchin, supra* at 1004 (court cannot consider constitutional issues · taxpayer raised on appeal where taxpayer had not requested rulings on any constitutional issue from the board). It is true that, in raising these issues in the request for rulings of law, the taxpayer did not articulate these constitutional claims using the legal terminology an attorney may have used, but he nevertheless fairly raised the issues. Further, by specifically denying the taxpayer's request for rulings of law in its summary decision in this case, the board removed any doubt that the issues raised by the taxpayer are the proper subject of an appeal.

2. *The Taxpayer's Statutory Claims.*

The taxpayer bears the burden of proving as a matter of law the right to an abatement of a tax. *Coomey, supra* at 838. *Schlaiker, supra* at 245. In reviewing the commissioner's decision to assess the tax on the taxpayer's sailboat, this court must be cognizant of the deference to which the determination of the State agency administering the tax is entitled. *McCarthy v. Commissioner of Revenue*, 391 Mass. 630, 632 (1984). *French* v. Assessors of Boston, 383 Mass. 481, 482 (1981).

In denying the taxpayer's application for an abatement and assessing the tax pursuant to G. L. c. 64I, the commissioner noted that the taxpayer's vessel was stored in Massachusetts after having been purchased in Connecticut; that there was no indication of any tax paid to Connecticut or any other jurisdiction; and that the taxpayer sailed the vessel in the waters of several States, including Massachusetts. The taxpayer apparently contends that he purchased the sailboat for use outside Massachusetts and that the use tax statute, therefore, does not apply to his sailboat.

With certain statutory exceptions, G. L. c. 64I, § 2, imposes a tax on "the storage, use or other consumption in the commonwealth of tangible personal property purchased from any vendor for storage, use or consumption within the commonwealth." "Every person" who stores, uses or otherwise consumes such tangible personal property is liable for the tax. G. L. c. 64I, § 3. In determining whether the tax should be assessed, the terms "store," "storage," and "use" do not include the "keeping, retaining, or exercising any right or power over tangible personal property for the purpose of subsequently transporting it outside the commonwealth for use thereafter solely outside the commonwealth." G. L. c. 64I, § 1 (4), (5). Personal property shipped or brought into the Commonwealth within six months after its purchase is presumed, however, to have been shipped or brought to the Commonwealth by the purchaser for storage, use or other consumption in the Commonwealth. G. L. c. 64I, § 8 (f).[1] The use tax established in G. L. c. 64I, along with the sales tax created in G. L. c. 64H, are complementary components of a unitary taxing program designed to reach all transactions (unless specifically exempted) in which tangible personal property is sold inside or outside the Commonwealth for storage, use, or other consumption within the Commonwealth. *Boston Tow Boat Co.* v. *State Tax Comm'n, supra* at 476-477. See *Coca Cola Bottling Co.* v. *Commissioner of Revenue*, 393 Mass. 726, 727 (1985). Exempt from the use tax are: sales on which Massachusetts sales tax has been paid;

---

[1] The taxpayer argues that the presumption established by G. L. c. 64I, § 8 (f), does not apply to his sailboat because the definition of "retail sale" in G. L. c. 64H, § 1 (13), does not encompass sales consummated outside the Commonwealth. Two facts refute the taxpayer's claim. First, the provision of G. L. c. 64H, § 1 (13), exempting from the sales tax retail sales not completed in the Commonwealth, also contains the following language: "nothing contained in this paragraph shall be construed to be an exemption from the tax imposed under chapter sixty-four I" (the use tax statute). By its terms, the definition of "retail sale" in G. L. c. 64H does not affect the assessment of the use tax. Second, the provision of the use tax statute creating the presumption, G. L. c. 64I, § 8 (f), does not contain the term "retail sale," but instead refers to "retailer[s]." The definition of "retailer" contained in G. L. c. 64H, § 1 (9), is very broad and reaches the transaction through which the taxpayer purchased his sailboat.

sales exempt from the Massachusetts sales tax; and sales on which tax is due and paid in another State or territory of the United States to the extent the foreign tax equals the tax that would be imposed in Massachusetts. G. L. c. 64I, § 7.

The taxpayer did not demonstrate any right to an exemption from the use tax, nor did he overcome the effect of the statutory presumption making the use tax applicable to property brought into Massachusetts within six months of purchase. G. L. c. 64I, § 8 (*f*). Evidence before the board indicated that the taxpayer purchased the sailboat in Connecticut and did not pay sales tax to any jurisdiction. Within the first two months of purchasing the sailboat, the taxpayer brought the sailboat into Massachusetts and proceeded to store or use the sailboat within Massachusetts for the next several months. The taxpayer's argument that he is a nonresident and that he did not use the sailboat exclusively, or even primarily, in Massachusetts does not rebut the statutory presumption that the sailboat is subject to the use tax. The use tax statute makes no exception for nonresidents and does not exempt property not used or stored primarily or exclusively in Massachuestts. Presumably, the commissioner was not persuaded by the taxpayer's evidence that, in bringing the sailboat into Massachusetts, his intention was to transport the sailboat outside Massachusetts at a future date "for use thereafter solely outside the commonwealth." During the time the sailboat was stored in Masschusetts, the taxpayer used the sailboat in the Commonwealth and did not take any action indicative of an intent to transport the sailboat elsewhere for use solely outside the Commonwealth. In fact, the taxpayer moved the sailboat outside the Commonwealth only after the use tax was assessed on the sailboat. Therefore, the taxpayer's arguments based on the statute fail.

3. *The Taxpayer's Constitutional Challenges.*

In addition to contending that the use tax statute does not by its terms apply to his sailboat, the taxpayer appears to argue that the assessment of the use tax against his sailboat is arbitrary, capricious, and discriminatory in violation of the Fourteenth Amendment to the Constitution of the United States because he is a nonresident, because no guidelines exist regard-

ing the applicability of the statute to nonresidents, and because he is a resident of a State which has no sales tax. We shall address each argument in turn.

There is no constitutional problem with a State's imposing a tax on property used in that State, but purchased elsewhere. *National Geographic Soc'y* v. *California Bd. of Equalization*, 430 U.S. 551, 555 (1977). *Minchin* v. *Commissioner of Revenue, supra* at 1004. *Lambeth Corp.* v. *Commissioner of Revenue*, 393 Mass. 237, 238 (1984). *Boston Tow Boat Co.* v. *State Tax Comm'n, supra* at 479. Similarly, as long as a use tax does not discriminate between residents and nonresidents, a sufficient nexus exists between the property to be taxed and the taxing State, and the tax is fairly related to the services provided by the State, the tax is valid. *George S. Carrington Co.* v. *State Tax Comm'n*, 375 Mass. 549, 552 (1978). The taxpayer stored the sailboat in Massachusetts for several months shortly after he purchased it until shortly after the tax was assessed. The tax is not discriminatory, because the same rate applies to residents and nonresidents. Additionally, the taxpayer is not a victim of discrimination simply because the State of which he is a resident has no sales or use tax while Massachusetts does. The Constitution of the United States protects against multiple taxation, not taxation. See *National Geographic Soc'y, supra* at 558; *George S. Carrington Co., supra* at 552-553. Because the use tax applies to "every person" storing or using tangible personal property in the Commonwealth without exception, the use tax is applicable to him.[2] Thus, a nexus sufficient to justify assessing the tax existed at the time of the assessment. Finally, the taxpayer benefited from the same police protection and other public services enjoyed by other citizens while the sailboat was stored and used in Massachusetts. *National Geographic Soc'y, supra* at 561. *George S. Carrington Co., supra* at 553-554. The tax bears a

---

[2] The taxpayer here failed to demonstrate that there was an insufficient nexus to justify assessment of the tax. We find no merit in his claim that there are insufficient guidelines to govern the imposition of the tax. The language of the statute and the constitutional limits on the taxing power provide sufficient guidance for the application of the use tax.

reasonable relation to the services provided. There is no constitutional impediment to imposition of the use tax in this case.

4. *Taxpayer's Challenge to the Amount of Interest and Penalties Assessed.*

The taxpayer argues that, even if the use tax was properly assessed on his sailboat, the commissioner improperly calculated the amount of interest and penalties assessed for the taxpayer's failure to pay the tax when due. From the record it appears that interest and penalties were assessed from the date the sailboat was purchased. At the hearing before the board, the commissioner conceded that "if the interest and penalties were calculated back to the initial date of purchase as opposed to the date it was first brought into the Commonwealth, I believe that would be incorrect." [3] We agree with the commissioner's statement and the taxpayer's contention that assessment of interest and penalties from the date of purchase rather than the date on which the property was first used, stored, or otherwise consumed in the Commonwealth was error. Because the use tax properly cannot be assessed until property is used, stored, or otherwise consumed in the Commonwealth, it would be illogical and unfair to assess interest and penalties calculated from some earlier date. See G. L. c. 64I, § 3.

5. *Conclusion.*

Based on the foregoing analysis, we conclude that the taxpayer's factually-based challenges to the assessment of the use tax on his sailboat are unpersuasive. Additionally, we determine that the assessment of the use tax on the taxpayer's sailboat does not offend the Constitution. Because it appears, however, that the amount of interest and penalties was improperly calculated from the date of purchase, we remand the case to the board for recalculation of interest and penalties from

---

[3] Contrary to the opinion expressed by counsel for the commissioner at the hearing, the validity of the penalties is the proper subject of appeal. The taxpayer discussed his confusion regarding the penalties in an addendum to his application for an abatement and clearly indicated that he was challenging the penalties on the form he filed to commence his appeal to the board. Finally, the taxpayer raised the issue in his presentation to the board at the hearing.

the date the taxpayer's sailboat was first used, stored, or otherwise consumed in the Commonwealth.

*So ordered.*