# W.A. WILDE COMPANY, INC. *vs.* BOARD OF ASSESSORS OF HOLLISTON.

No. 12-P-121.

Suffolk. October 1, 2012. - August 8, 2013.

Present: WOLOHOJIAN, BROWN, & CARHART, JJ.

*Taxation,* Real estate tax: abatement, assessment, value, Assessors.

The Appellate Tax Board (board) correctly denied the taxpayer's petitions to abate real estate taxes on two individual parcels that the taxpayer leased, where the taxpayer did not meet its burden to show both that in the prior two fiscal years, the owner of the parcels had filed an appeal for which the board determined the fair cash value of the parcels, and that the assessed value (contested by the taxpayer) was greater than the fair cash value so determined. [104-106]

APPEAL from a decision of the Appellate Tax Board.

*Matthew A. Luz* for the taxpayer.

*Peter R. Barbieri* for board of assessors of Holliston.

BROWN, J. W.A. Wilde Company, Inc. (taxpayer), appeals from a decision of the Appellate Tax Board (board) denying the taxpayer's petitions to abate the fiscal year 2007 real estate taxes on two individual parcels situated in the town of Holliston (town). The question presented is whether, based on the text of G. L. c. 58A, § 12A, the board was obliged to assign the burden of going forward with the necessary proof to the town's board of assessors (assessors), not the taxpayer, at the administrative hearing. The board refused. There was no error.

*Facts.* The taxpayer has been the lessee in possession of the parcels, both of which are improved with buildings for industrial and office use. Under its lease, the taxpayer has been required to pay more than one-half of the taxes on each of the parcels, see G. L. c. 59, § 11, known as 200 and 201 Summer Street. In fiscal years 2005 and 2006, the taxpayer contested the as-

sessments,[1] filing appeals with the board under the formal procedure.[2] Each time, the board decided that the taxpayer did not meet its burden to prove the parcels had been overvalued.[3] This same scenario recurred in fiscal year 2007.

a. *Fiscal year 2007 appeal.* After the assessors refused to abate the taxes for fiscal year 2007, the taxpayer again filed petitions with the board under the formal procedure, contesting the 2007 assessed values — 200 Summer Street at $3,211,800 and 201 Summer Street at $5,012,300 — both of which exceeded, by $49,800 and $134,800, respectively, the valuations from the prior two fiscal years. See note 1, *supra.*

At the hearing before the board, the taxpayer advanced an argument that the assessors had the burden of proof to demonstrate the fiscal year 2007 assessments were warranted. This was required, the taxpayer urged, by G. L. c. 58A, § 12A, as amended by St. 1998, c. 485, § 2, which provides, in relevant part:

> "If the owner of a parcel of real estate files an appeal of the assessed value of said parcel with the board for either of the next two fiscal years *after a fiscal year for which the board has determined the fair cash value of said parcel* and if the assessed value is greater than the fair cash value as determined by the board, the burden shall be upon the appellee [assessors] to prove that the assessed value was warranted . . ." (emphasis supplied).

The taxpayer offered no proof for its theory of overvaluation. The board found for the assessors and sustained the assessed valuations. The board issued its findings of fact and report, citing, among other cases, the Supreme Judicial Court's decisions in *Schlaiker* v. *Assessors of Great Barrington*, 365 Mass. 243, 245 (1974) (*Schlaiker*), and *General Elec. Co.* v. *Assessors of*

---

[1]For those years, 200 Summer Street was assessed at $3,162,000, and 201 Summer Street at $4,877,500. The assessors refused to abate the real estate taxes.

[2]See G. L. c. 58A, § 7; G. L. c. 59, §§ 64, 65; 831 Code Mass. Regs. § 1.04 (2007).

[3]"Real estate is overvalued if it is assessed in excess of its 'fair cash value.' " *Donlon* v. *Assessors of Holliston*, 389 Mass. 848, 857 (1983), quoting from G. L. c. 59, § 38.

*Lynn*, 393 Mass. 591, 598 (1984) (*General Electric*).[4] Simply put, the board concluded it had not determined the fair cash value of the parcels in the fiscal years 2005 and 2006 appeals and, thus, § 12A did not apply.

*Standard of review.* "Our review of any decision of the board is limited to questions of law." *Towle* v. *Commissioner of Rev.*, 397 Mass. 599, 601 (1986). "In general, we grant substantial deference to an interpretation of a statute by the administrative agency charged with its administration." *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 618 (1997). However, statutory interpretation is ultimately for the court; "we review . . . de novo." *Ibid.*

*Discussion.* With regard to G. L. c. 58A, § 12A, the taxpayer focuses on the phrase "determined the fair cash value" and, relying largely on dictionary meanings, asserts that the noun "determination" is the equivalent of a "decision."[5] On this footing, the taxpayer contends that the board's decisions as to the fiscal years 2005 and 2006 appeals "[l]ogically" determined the fair cash value of the parcels within the meaning of § 12A.[6]

We do not construe a statute's words in isolation or apart from the legal context within which they appear. "[T]he meaning of language is inherently contextual."[7] *Moskal* v. *United States*, 498 U.S. 103, 108 (1990). "Value" as "determined" by

---

[4] Citations to *Schlaiker* and *General Electric* are conspicuously absent from either brief on appeal. Cf. Cowin, Reflections in Retirement, 55 Boston B. J. 13, 13-14 (Summer 2011) ("technical competence" of lawyers to litigate is greater today than ever, but lawyers "often fail to consider whether doing it is useful").

[5] The taxpayer cites *Eastern Racing Assn., Inc.* v. *Assessors of Revere*, 300 Mass. 578, 581-582 (1938), and *Devine* v. *Board of Health of Westport*, 66 Mass. App. Ct. 128, 132 (2006), but neither case concerns § 12A.

[6] Statutory construction is not just a matter of logic. *Brest* v. *Commissioner of Ins.*, 270 Mass. 7, 16 (1930) ("That is not all there is to the problem"). Cf. *United States* v. *Whitridge*, 197 U.S. 135, 143 (1905) (Holmes, J.) (legislative purpose is "more important aid" in discerning statute's "meaning than any rule which grammar or formal logic may lay down").

[7] " 'Ordinary words should be read with their common, everyday meaning when they serve as directions for ordinary people . . . .' A different principle applies to technical expressions: 'Tax language normally has an enclosed meaning or has legitimately acquired such by the authority of those skilled in its application.' " Friendly, Benchmarks 203 (1967), quoting from *Estep* v. *United States*, 327 U.S. 114, 136 (1946) (Frankfurter, J., concurring), and *McDonald* v. *Commissioner of Int. Rev.*, 323 U.S. 57, 64 (1944).

the board is the fair market value of the real estate. See *Massachusetts Gen. Hosp.* v. *Belmont*, 233 Mass. 190, 206 (1919). "The whole matter lies in the realm of fact and is to be ascertained upon all the evidence." *Commissioner of Corps. & Taxn.* v. *Worcester County Trust Co.*, 305 Mass. 460, 463 (1940). Essential to the inquiry is who bears the burden of persuasion and of going forward with the necessary proof at the evidentiary hearing. "It is well established that the burden of persuasion is on the taxpayer to show that its property was overvalued." *General Electric*, 393 Mass. at 598. The "burden of persuasion" in Massachusetts means "burden of proof."[8] See *Powers* v. *Russell*, 13 Pick. 69, 76 (1832); *Commonwealth* v. *Taylor*, 383 Mass. 272, 281 n.10 (1981). Closely linked to this common-law rule is the presumption, also long settled, that the "board is entitled to 'presume that the valuation made by the assessors was valid unless the taxpayer[] sustained the burden of proving the contrary.' " *General Electric, supra*, quoting from *Schlaiker*, 365 Mass. at 245. The presumption,[9] and the fact that the taxpayer has the burden of going forward with proof, round out the context in which G. L. c. 58A, § 12A, must be construed. Section 12A essentially provides that the threshold burden of going forward with the evidence shifts to the local assessors *if* (a) in the prior two fiscal years, the "owner" filed an appeal for which the board "determined the fair cash value" of said parcel, *and* (b) the assessed value, contested by the taxpayer, is greater than the fair cash value so determined. Neither element is present here. In adjudicating the prior appeals, the board decided the taxpayer had failed to meet its burden to prove overvaluation. When a taxpayer fails to offer persuasive evidence of overvaluation, "a conclusion [by the board] that a presumptively valid assessment must stand is by its nature not such an affirmative finding as to require substantial evidence to support it." *Schlaiker*,

[8]This is distinct from the burden of production, which may shift from side to side, based on the proofs at trial, or by operation of law, as in G. L. c. 58A, § 12A.

[9]This is not a true "presumption" described by *Duggan* v. *Bay State St. Ry. Co.*, 230 Mass. 370, 378 (1918), and *Epstein* v. *Boston Hous. Authy.*, 317 Mass. 297, 302 (1944), but a "restat[ement] that the taxpayer bears the burden of persuasion of every material fact necessary to prove that its property has been overvalued." *Analogic Corp.* v. *Assessors of Peabody*, 45 Mass. App. Ct. 605, 607 (1998), quoting from *General Electric, supra* at 599.

*supra* at 245 n.2. "[F]ailure to introduce sufficient evidence to warrant a finding for [the taxpayer] will result in a dismissal or a directed verdict." *General Electric, supra* at 599. The *Schlaiker* and *General Electric* cases encapsulate the governing rule: a board decision to sustain a presumptively valid assessed valuation does not constitute a "determination of fair cash value" of a parcel within the meaning of G. L. c. 58A, § 12A.[10] This reading of § 12A fits the Legislature's policy that, where the proof is insufficient to find for the taxpayer, "the board should perform a more traditional appellate function, rather than make a de novo determination of value." *Assessors of Sandwich* v. *Commissioner of Rev.*, 393 Mass. 580, 586 (1984).

> *Decision of the Appellate Tax*
> *Board affirmed.*

---

[10]The rule is also implicit in *Beal* v. *Assessors of Boston*, 389 Mass. 648 (1983), in which the court held that G. L. c. 58A, § 12A, did not apply in the circumstances of that case, for reasons not material here.