Salinger, Kenneth W., J.
Cumberland Farms, Inc., has applied under Mass.R.Civ.R 33(a)(4) for a default judgment on the ground that Tenacity Construction, Inc., failed to serve interrogatory responses in a timely manner. The Court concludes that entry of final judgment under Rule 33(a) is discretionary, not mandatory, even where all procedural requirements for the entry of final judgment have been satisfied. In the exercise of its discretion, the Court concludes that it would not be appropriate to enter a default judgment given that Tenacity has now answered the interrogatories and made witnesses available for a Rule 30(b)(6) deposition.
Cumberland Farms has satisfied the prerequisites for the entry of a default judgment in its favor under Rule 33(a). It served interrogatories on Tenacity by mail on February 12, 2016. Tenacity did not serve any response within the required time. Cumberland then served a final request for interrogatories pursuant to Rule 33(a)(3) on Tenacity by mail on April 7, 2016. During a scheduling conference in court on April 19, 2016, Tenacity’s lawyer acknowledged that his client’s interrogatory answers were overdue and promised to supply them. But Tenacity still did not respond to the interrogatories. As a result, on May 25, 2016, Cumberland filed and served an application for the entry for the entry of final judgment in its favor pursuant to Rule 33(a)(4). Tenacity finally served its interrogatory answers the next day. It opposes the Rule 33(a)(4) application on the ground that it has now answered the interrogatories, the parties have completed four days of depositions including two days of a Rule 30(b)(6) deposition of Tenacity, and Tenacity agreed to appear for a third day of deposition testimony on June 7.
Whether to enter final judgment under Rule 33(a) is a matter of discretion, even though Rule 33(a)(6) states that “the clerk shall enter an appropriate judgment” if all prerequisites are satisfied—i.e., if a party-files an application and shows by affidavit that the party served interrogatories, no timely response was provided, the party then served a final request for answers, more than thirty more days have passed, and the opposing party still failed to answer the interrogatories. Massachusetts appellate courts have held that similar language in other rules or statutes does not mandate entry of judgment. For example, Rule 55(a) states that the clerk “shall enter” a default against any party that “has failed to plead or otherwise defend” against a claim. But the Supreme Judicial Court has nonetheless held that “(t]he decision to enter or remove a default judgment” under Rule 55 “is essentially a matter of the trial judge’s discretion.” Riley v. Davison Constr. Co., Inc., 381 Mass. 432, 441 (1980). Similarly, the so-called anti-SLAPP statute states that court “shall grant” an anti-SLAPP motion to dismiss an action where the plaintiff fails to make any showing in response to motion. See G.L.c. 231, §59H. But the Appeals Court has held that a court nonetheless has discretion to decide such a motion on the merits even if plaintiff fails to make requisite showing. Duracrafi Corp. v. Holmes Products Corp., 42 Mass.App.Ct. 572, 582 n.20 (1997), aff'd, 427 Mass. 156 (1998).
The “shall enter” language in paragraph (6) of Rule 33(a) cannot be read in isolation, but instead must be construed in the context of the rule as a whole. See generally Commonwealth v. Denehy, 466 Mass. 723, 733 (2014) (when construing procedural rule, court must “construe the various provisions” of the rule “in harmony with one another” (quoting Locator Servs. Group, Ltd. v. Treasurer & Receiver Gen., 443 Mass. 837, 859 (2005)); W.A. Wilde Co. v. Board of Assessors of Holliston, 84 Mass.App.Ct. 102, 104 (2013) (“We do not construe a statute’s [or a rule’s] words in isolation or apart from the legal context within which they appear[.]”).
When read in the context of Rule 33 as a whole, the phrase “shall enter an appropriate judgment” must be construed to be permissive and not mandatoiy, just *371 as in Riley and Duracraft. In a statute or other rule of law, the word “shall” must be construed as directory or permissive, rather than as mandatory, “when necessary to comply with [the] dominant purpose” of “the enactment as a whole.” Wilson v. Commissioner of Transitional Assistance, 441 Mass. 846, 852-53 (2004). The dominant purpose of Rule 33(a) is to give courts a flexible, discretionary tool for managing their caseload. Cf. Eagle Fund, Ltd. v. Sarkans, 63 Mass.App.Ct. 79, 85 (2005) (“Entry of default judgment is a matter of case management [and] committed to the discretion of the trial judge”).
This is made clear by the express provision in Rule 33(a) (3) that gives a court broad discretion, “on motion with or without notice, [to] specify a shorter or longer time” for answering interrogatories. A court has the power not only to enter an order extending the time for answering interrogatories, but also to make that order effective nunc pro tunc as of an earlier date. See generally Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 337 (1965) (“The Supreme Judicial and the Superior courts have statutoiy power”—as well as inherent common-law power—“to issue judgments, orders, and decrees nunc pro tunc”); Diggs v. Diggs, 291 Mass. 399, 400 (1935) (“Courts have inherent powers in appropriate cases to make entries nunc pro tunc”); G.L.c. 235, §4 (court may provide that any “judgment or order” shall take effect as if “entered as of an earlier day”). Under some circumstances a nunc pro tunc order may even be used to cure a defect of subject matter jurisdiction by retroactively giving a court the power to act. See St. Joseph’s Polish National Catholic Church v. Lawn Care Assocs., Inc., 414 Mass. 1003, 1004 (1993) (rescript) (although Housing Court judge lacked jurisdiction to decide breach of contract, negligence, G.L.c. 93A claims, defect was cured by order issued after judgment entered, but made effective nunc pro tunc to beginning of case, that transferred case to Superior Court and designating judge as a Superior Court justice). If a lack of subject matter jurisdiction can be cured with a nunc pro tunc order, there is no reason why a delay in answering interrogatories cannot be retroactively authorized with a nunc pro tunc order extending the time for responding.
The Court will construe Tenacity’s opposition to the Rule 33(a)(6) application for final judgment as constituting a motion to extend the time for responding to Cumberland’s interrogatories.
In the exercise of its discretion, the Court will extend the time for Tenacity to answer the interrogatories and will therefore deny Cumberland’s application for a default judgment. It does so because Tenacity has now answered the interrogatories and cooperated in allowing Cumberland to obtain even more useful discovery through depositions, and because Cumberland has made no showing that it has been unfairly prejudiced by Tenacity’s undue delay in finally providing interrogatory answers.
Cumberland correctly notes that Tenacity’s interrogatory answers are still deficient because Tenacity’s representative did not certify that the answers were true under the penalties of perjury, as required by Rule 33(a)(3). This appears to be an oversight by counsel rather than some nefarious attempt to deny Cumberland useful interrogatory answers. The Court will give Tenacity a short additional period of time to cure this defect.
Finally, Cumberland’s further complaint that Tenacity responded to certain interrogatories by stating that it will produce documents containing the relevant information is without merit. Such a response is entirely appropriate and expressly authorized by Rule 33(c). The Court expects that counsel for both sides will work cooperatively to ensure that Cumberland is able to review or obtain copies of all documents promised by Tenacity in the very near future.
ORDER
Plaintiffs application for the entiy of final judgment pursuant to Mass.R.Civ.P. 33(a)(4) is DENIED. Defendant is hereby ordered to supplement its interrogatory answers no later than June 24, 2016 with a new signature page indicating that Defendant’s authorized representative certifies under the pains and penalties of perjuiy that Defendant’s substantive interrogatory responses are true. If Defendant fails to do so, Plaintiff may seek reconsideration of its Rule 33(a)(4) application on this ground.