NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1043

ALAN SLISKI

vs.

BOARD OF ASSESSORS OF LINCOLN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Alan Sliski (taxpayer) owns two parcels of real estate located on the same road in the town of Lincoln (town). He appeals from the decision of the Appellate Tax Board (board) affirming the town's Board of Assessors' (assessors) denials of applications for abatement of real property taxes assessed on these parcels for the fiscal years 2019 (FY2019) and 2020 (FY2020). The taxpayer argues that in affirming the denials of abatement, the board erroneously upheld the property valuations calculated by the assessors and made several procedural errors. We affirm.

Background. The taxpayer owns two parcels of land in the town on the same road: the larger one is 4.665 acres

(residential property); the smaller one is 0.05 acres (excess property).

1. Residential property. The residential property was assessed and taxed as agricultural land except for the 0.125 acres located beneath the taxpayer's home, which was assessed and taxed as residential property. In FY2019 and FY2020 the residential property was valued at $698,349 and $730,449, respectively. In FY2019, the property's tax bill was $10,051.72 and in FY2020 it was $11,512.44.

2. Excess property. The excess property is a triangle-shaped parcel adjacent to the residential property that was assessed and taxed as undevelopable residential land. In FY2019, the parcel was listed as 0.029 acres, and in FY2020, it was listed as 0.05 acres. As the town's principal assessor, Harald Scheid, testified to at an evidentiary hearing, infra, this discrepancy was a result of a remapping project in Lincoln. The project affected the parcel because it bordered the town of Wayland. The deed for the excess property lists its size as 0.05 acres. In FY2019 and FY2020 the excess property was valued at $900 and $1,500, respectively. In FY2019 the tax bill of the excess property was $12.63 and in FY2020 it was $23.04.

3. Procedural history. In accordance with G. L. c. 59, § 57, the taxpayer timely paid the taxes due for both fiscal years and then timely filed applications for abatement for both

2

years on the ground that the taxes assessed were based on erroneous valuations of the properties. The assessors denied the applications.

Subsequently, the taxpayer timely filed petitions under the formal procedure pursuant to G. L. c. 58A, § 7, and G. L. c. 59, §§ 64 and 65, with the board, appealing the assessors' denials of the abatement requests. On April 25, 2022, the board heard all four appeals together at a single evidentiary hearing. On July 5, 2022, the board affirmed the denials of the taxpayer's abatement requests. The taxpayer requested that the board issue findings of fact in support of its denial, as was his right under G. L. c. 58A, § 13, and 831 Code Mass. Regs. § 1.32 (2007).[1] On June 5, 2024, the board issued its decision, explaining that the taxpayer failed to meet his burden of proof to demonstrate entitlement to an abatement because he failed to provide sufficient evidence to support his claims. The taxpayer timely appealed.

Discussion. 1. Standard of review. "We accord the board's decision great deference and will not disturb its decision if [it] is based on both substantial evidence and a

---

[1] After the evidentiary hearing but prior to this appeal, the board promulgated new regulations concerning rules of practice and procedure before the board. We reference the version of the regulations in effect at the time of the hearing.

correct application of the law" (citation omitted). Veolia

Energy Boston, Inc. v. Assessors of Boston, 483 Mass. 108, 112

(2019). "[S]ubstantial evidence is such evidence as a

reasonable mind might accept as adequate to support a

conclusion" (quotation and citation omitted). New Boston Garden

Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981). "[T]he

decision of the board is 'final as to findings of fact'"

(citation omitted). Veolia Energy Boston, Inc., supra. See

G. L. c. 58A, § 13.[2] "In addition, the board's expertise is

given due weight when mixed questions of fact and law are

considered." Veolia Energy Boston, Inc., supra.

2. Challenges to valuation. The taxpayer makes three

substantive arguments that the assessors erred in denying his

requests for abatement: (a) the assessors erroneously

calculated the property value of the excess property; (b) the

assessors used the wrong land area for their valuation of the

residential property; and (c) the assessors used the incorrect

adjustment factor in calculating the land curve for the

residential property.

---

[2] Notwithstanding the legislative mandate that "[t]he decision of the board shall be final as to findings of fact," G. L. c. 58A, § 13, "a decision of the board, like that of any administrative agency, see G. L. c. 30A, § 14 (7) (e), may be challenged on the ground that it is not supported by substantial evidence" (quotation and citation omitted). Schussel v. Commissioner of Revenue, 472 Mass. 83, 86 (2015).

4

These claims all pertain to the valuation of the taxpayer's properties. "It is well established that the burden of persuasion is on the taxpayer to show that [his] property was overvalued." General Elec. Co. v. Assessors of Lynn, 393 Mass. 591, 598 (1984). Furthermore, the board is entitled to "presume that the valuation made by the assessors was valid unless the taxpayers sustained the burden of proving the contrary." Schlaiker v. Assessors of Great Barrington, 365 Mass. 243, 245 (1974).

Assuming that the taxpayer satisfies the burden of presenting sufficiently persuasive evidence to call the assessors' valuation into question, then "a decision of the board in favor of the assessors must be supported by substantial evidence." Donlon v. Assessors of Holliston, 389 Mass. 848, 855 (1983), citing Schlaiker, 365 Mass. at 245 n.2. Conversely, "[w]hen a taxpayer fails to offer persuasive evidence of overvaluation, a conclusion [by the board] that a presumptively valid assessment must stand is . . . not such an affirmative finding as to require substantial evidence to support it" (quotation and citation omitted). W.A. Wilde Co. v. Assessors of Holliston, 84 Mass. App. Ct. 102, 105 (2013). A taxpayer's mere rejection of the assessors' valuation does not satisfy the taxpayer's burden of proof in the absence of evidence supporting

5

the taxpayer's valuation.  Hampton Assocs. v. Assessors of Northampton, 52 Mass. App. Ct. 110, 118-119 (2001).[3]

The taxpayer's proffered evidence did not support his claims of overvaluation.  The taxpayer presented no affirmative evidence to prove the overvaluation of his properties in FY2019 and FY2020.  More specifically, as the board noted, the taxpayer "offered no recent sales of similar properties in the vicinity or other evidence to establish that the subject properties were assessed for more than their fair cash values."  Since the taxpayer did not provide any persuasive evidence, "substantial evidence was not required to validate the board's decision." Hampton Assocs., 52 Mass. App. Ct. at 118.  Accordingly, we affirm the board's decision to uphold the denials of the abatement requests.

3.  Procedural errors.  On appeal, the taxpayer raises a number of claims of procedural error:  (a) the board erred by not entering a default judgment against the assessors; (b) the board erred by allowing the appeal to be heard by a single member of the board rather than a quorum; (c) the board improperly combined the appeals and delayed its decision; and

_____

[3] This principle, without more, disposes of the taxpayer's challenges to the assessors' reliance on the land curve and the assessors' classification of 0.125 acres of the residential property as prime site rather than agricultural land.

(d) the board failed to issue its findings of fact and report within the statutorily mandated timeframe under G. L. c. 58A, § 13.

"While the board is specifically exempted from the Massachusetts Administrative Procedure Act, G. L. c. 30A, §§ 1, 11 (8), the board is nonetheless bound by 'general principles affecting administrative decisions and judicial review of them.'" Boston Gas Co. v. Assessors of Boston, 458 Mass. 715, 733 (2011), quoting Schlaiker, 365 Mass. at 245 n.2. But generally, "administrative agencies have broad discretion over procedural matters before them" (citation omitted). Brockton Power Co. LLC v. Energy Facilities Siting Bd., 469 Mass. 215, 219 (2014). In accordance with its procedural discretion, the board "reserves the right to make hearings and proceedings as informal as possible, to the end that substance and not form shall govern, and that a final determination of all matters before it may be promptly reached." 831 Code Mass. Regs. § 1.37(1). "In the absence of clear error, the interpretation an administrative body gives to its own rule[s] is entitled to deference." Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 782 (1980).

In short, procedural errors do not warrant a remand or reversal of a board decision in the absence of a showing that they affected the outcome of the hearing. G. L. c. 231, §§ 119,

7

132 (appellate relief warranted only where error "injuriously affected the substantial rights of the parties"); Nexum Dev. Corp. v. Planning Bd. of Framingham, 79 Mass. App. Ct. 117, 119-120 (2011) (refusing to remand case to board due to procedural error when result would remain unchanged); Manning v. Contributory Retirement Appeal Bd., 29 Mass. App. Ct. 253, 258-259 (1990) (remand unnecessary where there was "no real doubt" what agency would do on remand [citation omitted]).  Cf. G. L. c. 30A, § 14 (7) (relief warranted on judicial review if "substantial rights of any party may have been prejudiced" by agency error).

a.  Failure to enter a default judgment.  For the first time on appeal, the taxpayer claims that the board should have entered a default judgment against the assessors because the town's principal assessor, Scheid, was not permitted to appear before the board on behalf of the assessors.  In support of this claim, he cites 831 Code Mass. Regs. § 1.01, which states in relevant part, "Persons may appear and act . . . for a board of which they are members, in any proceeding before the [Appellate Tax] Board."  Attorneys are also permitted to appear before the board.  Id.

At the evidentiary hearing, the taxpayer asserted that Scheid was "not a member of the [assessors] and therefore may not appear to practice before the [board]."  Scheid responded

8

that he has served as principal assessor for the town for sixteen years but confirmed that he was not a member of the assessors, nor an attorney.  Despite raising this issue, the taxpayer did not request a default judgment.  Accordingly, the assessors had no opportunity to make an argument opposing a default judgment or substitute a member of the assessors for Scheid.  Therefore, assuming the board's decision to permit Scheid to appear for the assessors violated the regulations then in effect, the taxpayer waived any argument that a default judgment should have entered against the assessors.  See Bank of America, N.A. v. Commissioner of Revenue, 474 Mass. 702, 713 (2016), quoting G. L. c. 58A, § 13 ("The court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board").[4]

b.  Requirement of a quorum.  Next, the taxpayer asserts, again for the first time on appeal, that the board violated G. L. c. 58A, § 1A, by failing to have a quorum present for the hearing, and by doing so, skirted the requirements of the open meeting law (OML), G. L. c. 30A, §§ 18-25.

---

[4] Likewise, the taxpayer's claim that Scheid's appearance before the board was unconstitutional, raised for the first time in his reply brief, is waived for the same reason.  See Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1628 (2019) ("No new issues shall be raised in the reply brief").

9

At the evidentiary hearing, the taxpayer asserted that a "notice of this public hearing" should have been posted, presumably to comply with the OML.  But the taxpayer did not object to the fact that his appeal was heard by a single commissioner of the board.  See G. L. c. 58A, § 1A; 831 Code Mass. Regs. § 1.20.[5]  Accordingly, that claim is waived.  See Bank of America, N.A., 474 Mass. at 713, citing G. L. c. 58A, § 13.  As for the OML claim, because the appeal was heard by a single commissioner, the proceeding was not a "meeting" -- defined as a "deliberation by a public body" -- because there could be no "deliberation," defined as "communication . . . between or among a quorum of a public body."  G. L. c. 30A, § 18.  Therefore, the OML did not apply.

c.  Improperly combining the appeals.  Without citing any authority, the taxpayer argues that the board improperly consolidated his FY2019 and FY2020 appeals.  He asserts that this was prejudicial because it prevented him from using the findings from the FY2019 appeal to his advantage for the FY2020 appeal.  Specifically, he contends it deprived him of the ability to use the burden-shifting mechanism for valuation

---

[5] Indeed, the lack of an objection supports an inference that the taxpayer consented to have his appeal heard by a single commissioner.  See 831 Code Mass. Regs. § 1.20.

10

appeals set out in G. L. c. 58A, § 12A.  This burden-shifting

mechanism provides:

> "If the owner of a parcel of real estate files an appeal of
> the assessed value of said parcel with the board for either
> of the next two fiscal years after a fiscal year for which
> the board has determined the fair cash value of said parcel
> and if the assessed value is greater than the fair cash
> value as determined by the board, the burden shall be upon
> the appellee to prove that the assessed value was warranted
> . . . ."

G. L. c. 58A, § 12A.  In short, the statute creates a limited

burden-shifting mechanism in instances where the board issues a

determination of a parcel's valuation.

Assuming for the sake of argument that the board was not

permitted to combine the FY2019 and FY2020 appeals -- and the

taxpayer has provided no authority for this claim -- the burden-

shifting mechanism, identified in G. L. c. 58A, § 12A, did not

apply in any event, because the board did not determine the

value of the subject properties for fiscal years 2017 through

2019.  The board's affirmance of the assessors' valuations -- on

the grounds that the taxpayer failed to carry his burden of

introducing evidence showing errors in those valuations -- does

not constitute a determination of value by the board itself.

W.A. Wilde Co., 84 Mass. App. Ct. at 106.

d.  The board's failure to issue its findings of fact and

report in a timely fashion.  The taxpayer argues that "[t]he

promulgation of the [f]indings of [f]act and [r]eport was

11

illegally delayed" because the board issued them approximately two years after reaching its decision and after the taxpayer's request for findings, and failed to notify the parties of its need for an extension. See G. L. c. 58A, § 13. However, the board's untimely issuance of the findings of fact and report is not a ground for reversal. The statute provides, "Failure to comply with the time limits, as outlined above, shall not affect the validity of the board's decision." G. L. c. 58A, § 13. Therefore, in accordance with the statute, we will not reverse the board's decision on this ground.[6]

4. _Appellate attorney's fees and double costs_. The

---

[6] Additionally, the taxpayer contends, for the first time in his reply brief, that the board's failure to provide notice of the delay violated his constitutional right to due process. We need not consider arguments raised for the first time in a reply brief. See Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 605 n.21 (2010) (argument raised for first time in reply brief is not properly before appellate court); Allen v. Allen, 86 Mass. App. Ct. 295, 302 n.11 (2014) ("Any issue raised for the first time in an appellant's reply brief comes too late, and we do not consider it" [citation omitted]); Mass. R. A. P. 16 (c). Even if the issue were properly preserved, the board's delay in issuing its finding of facts and report did not implicate the taxpayer's due process rights. It did not prevent the taxpayer from appealing the decision.

assessors' request for appellate attorney's fees and double costs is denied.

Decision of Appellate Tax
  Board affirmed.

By the Court (Sacks, Smyth &
  Wood, JJ.[7]),

Clerk

Entered:  October 24, 2025.

---

[7] The panelists are listed in order of seniority.